In Re : Appeal of Daniel Austerlitz et al.

Robert Alexander, Robert Mack, John DeRiggi and Frank Myers, Appellants.

Argued October 5, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Kenneth Benson,* with him *Bruce E. Dice, Zimmer & Dice,* for appellants.

*Mary Ann Martin,* with her *Anthony J. Martin,* for appellees, Daniel Austerlitz et al.

*Henry G. Beamer,* for appellee, Municipality of Penn Hills.

OPINION BY JUDGE CRAIG, December 10, 1981:

Appellants Alexander, Mack, DeRiggi and Myers petitioned the Court of Common Pleas of Allegheny County to intervene in a civil service appeal brought by other police officers, pursuant to which the court had ordered appellants' promotions in the Penn Hills police department rescinded. Appellants sought a rule to vacate the order. After hearing argument, Judge STAISEY denied intervention and discharged the rule.

In June, 1979, the Municipality of Penn Hills had instituted testing procedures for promotion of applicants to the rank of police lieutenant. In that same month, the Penn Hills Personnel Board certified to the municipal manager an eligibility list which contained only the four appellants, and appellants were promoted.

After the promotion, nineteen[1] fellow officers filed a written request for a hearing before the Personnel Board, at which the board's methods and procedures were challenged, and the challenging officers requested recision of the promotions and a retesting.

---

[1] At the time of the hearing before Judge STAISEY, eight officers declined to pursue the appeal further.

Upon appeal from the Personnel Board's refusal to rescind the promotions, after considering the board's hearing record and oral argument presented on May 19, 1980, Judge STAISEY, on June 11, 1980, issued an order upholding the challenge.

Although three of the four appellants were present in court on May 19th, and at least one appellant had actually read the petition filed with the court before May 19th, appellants did not file their intervention petition until June 17, 1980, claiming that they first became aware of the nature of the proceedings on June 11.

Intervention is permitted in a pending action by a person whose interests may be affected by a judgment. Pa. R.C.P. No. 2327(4). However, the right to intervene is not absolute. Under Pa. R.C.P. No. 2329(3), the court may deny intervention if the petition is filed after undue delay, as Judge STAISEY did here. This court has interpreted Rule 2329 to permit denial of intervention to a person who had actual or constructive notice of the action and delayed seeking intervention. *Seltzer Appeal,* 52 Pa. Commonwealth Ct. 121, 415 A.2d 1250 (1980). In view of the evidence of record that appellants had ample opportunity to learn of the nature of the proceeding earlier, we cannot find error in the denial of the petition to intervene.

Upon appeal to this court, appellants also attack the common pleas court's jurisdiction, for the first time. Arguing that they were indispensable parties, appellants maintain that the failure to join them in the original action deprived the court of jurisdiction. *Tigue v. Basalyga,* 451 Pa. 436, 304 A.2d 119 (1973). Before a court can render a decision, all parties whose rights are directly connected to and affected by the litigation must be made a party. *Columbia Gas Transmission Corp. v. Diamond Fuel Co.,* 464 Pa. 377, 346 A.2d 788 (1975).

Because questions of jurisdiction may be raised for the first time on appeal, *In Re Estate of Rybak,* 424 Pa. 470, 227 A.2d 883 (1967), we must consider whether appellants were indispensable parties.

The point has been settled. In *McGrath v. Staisey,* 433 Pa. 8, 249 A.2d 280 (1968), the Pennsylvania Supreme Court reiterated that improperly appointed or promoted public employees, despite their potential interest in the litigation, are not indispensable parties.

Even though, from another view, a refusal to treat public employees as indispensable parties, on the ground of the impropriety of their appointment or promotion, with respect to the very proceeding in which that impropriety is adjudicated, may be subject to the contention that the proceeding might be more fully and fairly conducted with their participation, nevertheless we are bound by the clear pronouncement of the Supreme Court. Acceptance of the principle is eased by recognizing that such interested appointees undoubtedly have standing to intervene if they do so in timely fashion; *McGrath* stands only for the proposition that those instituting the proceeding do not have the burden of bringing in such appointees in order to have a viable case.

Appellants contend, however, that two recent statutory provisions have modified the role of *McGrath* and entitle them to a hearing. We cannot agree.

First, one section of the Local Agency Law[2] prevents an adjudication from being valid against a party unless that party has had "reasonable notice . . . and an opportunity to be heard." However, in view of our conclusion above, that appellants had sufficient notice to permit them to intervene if they had used that opportunity in time, the Local Agency Law is of no avail here.

[2] 2 Pa. C. S. §553.

144

A similar point is presented by the civil service provisions of the First Class Township Code.[3] Because an officer may not be demoted thereunder without a hearing, appellants argue that the order vacating appellants' promotions was in effect a demotion and therefore that appellants were entitled to a hearing. However, a person can be demoted only from a position to which he is entitled. *Appeal of Dugan*, 359 Pa. 590, 59 A.2d 888 (1948). Here the litigation—in which appellants failed to intervene when they could have done so—determined that appellants lacked such entitlement. The common pleas order merely reinstated appellants in the only positions to which they are lawfully entitled. *Maex v. City of Philadelphia*, 3 D. & C.2d 788 (Phila., 1954).

The common pleas court should be affirmed.

ORDER

Now, December 10, 1981, the order of the Court of Common Pleas of Allegheny County, No. S.A. 937, is hereby affirmed.

---

[3] Act of June 3, 1971, P.L. 133, No. 6, §1 (§509(a)(93)), 53 P.S. §55645.