## Held v. Held

*Thomas L. Kelly,* for plaintiff.
*S. Stanton Miller,* for defendant.
*David L. Sigismonti,* for intervenor.

LEVY, *J.,* June 19, 1985—This is an action in divorce in which Margaret Held has filed a petition seeking leave to intervene. Plaintiff, Barbara A. Sensinger Held, has filed an answer to the petition, and actively opposes intervention.

Plaintiff and defendant were married in August, 1970. They began operating a jewelry business together. In March of 1983, they took steps to form a partnership under the name "Originals by David". Shortly thereafter, the parties separated and on June 2, 1983, plaintiff filed a complaint instituting the instant divorce action. As part of the relief requested in her complaint, plaintiff seeks equitable distribution of the parties' marital property.

On February 2, 1985, plaintiff entered the business premises of "Originals by David" at 25 West State Street, Media, Pa. and removed various items of property including inventory. On February 28, 1985, Margaret Held filed her petition to intervene. In her petition, she asserts that she is a "de facto

partner" of defendant in the operation of "Originals by David" and that she has made a capital investment in the business in the sum of $35,900. Petitioner contends that "virtually none" of her investment in the business has been returned to her. She therefore seeks leave to intervene with respect to the issue of equitable distribution of the assets of the business.

Plaintiff argues that petitioner is precluded from intervening in this action because the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §101 et seq., does not provide for intervention in divorce actions, and intervention is therefore not permissible. While there is an absence of any case authority on this precise issue, a review of the Pennsylvania Rules of Civil Procedure leads us to conclude that intervention in divorce actions is not prohibited under all circumstances. Pa.R.C.P. 1920.34 deals with the joinder of parties in an action for divorce or annulment. The note appearing after the rule states the following in regard to intervention:

"The intervention in an action by a person not a party is governed by Rule 2326 et seq." Rules 2326 through 2330 set forth the requirements and procedure to be followed in seeking permission to intervene in a pending action. Rule 2326 defines "action" as follows:

" 'action' means any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules." An action in divorce satisfies this definition. We therefore conclude that a petitioner may be permitted to intervene in a divorce action provided all the requirements for intervention as set forth in Rules 2327 through 2330 are satisfied. See 24 Standard Pennsylvania Practice 2d' §126:49, p. 262.

Under Pa.R.C.P. 2327(4), intervention in a pending action is permissible if the determination of the action may affect any legally enforceable interest of the party seeking intervention, whether or not such party may be bound by a judgment in the action. Petitioner contends that because of her capital investment in "Originals by David", she has a legally enforceable interest in the instant action and is entitled to intervenue based upon Rule 2327(4).

The phrase "legally enforceable interest" has been interpreted to require that "the applicant for intervention must own an interest in or a lien upon property in question or must own a cause of action which will be affected by the action." 8 Goodrich Amram 2d §2327:7, p. 373. A review of the petition for intervention shows that petitioner's interest in this action arises from her investment in the business entity "Originals by David". Despite her assertions that she is a "de facto partner" in the business, whatever that status may mean or consist of, petitioner has offered no evidence whatsoever that any form of partnership exists between herself and plaintiff or defendant. Her assertions in this regard are based upon nothing more than her petition and the arguments of her counsel. Furthermore, petitioner has presented this court with no authority to show that the status of "de facto partner" has been recognized under Pennsylvania law. Petitioner's interest in this action appears to be merely that of an unsecured creditor of "Originals by David". Petitioner has no interest in or lien upon any property of the parties to the action, nor does she have a cause of action which will be affected by the underlying divorce action. To be permitted to intervene, it is not sufficient merely to have an indirect economic motive or other general interest in having one or the other litigant prevail. Thus, a general creditor may

not intervene in a suit alien to the circumstances surrounding the debt relationship. 3 Standard Pennsylvania Practice 2d §14:235, p. 375.

The right to intervene in an action is not absolute. Appeal of Austerlitz, 63 Pa.Commw. 140, 437 A.2d 804 (1981). The determination of whether or not to allow intervention is a matter within the sound discretion of the trial court. Marion Power Shovel Co. v. Fort Pitt Steel Casting Co., 285 Pa.Super. 45, 426 A.2d 696 (1981). We find that petitioner's interest in the instant case is solely that of general creditor of "Originals by David", and that the instant divorce action is alien to the circumstances surrounding the debt relationship. In the event petitioner is not repaid the sums she allegedly invested in "Originals by David", her interests may be protected by the initiation of appropriate legal proceedings against either one or both of the parties to this action. Petitioner's legal interest here is simply not sufficient to justify or permit her intervention.

We therefore enter the following

### ORDER

And now, this June 19, 1985, upon consideration of the petition for intervention filed by Margaret Held and the memoranda of law submitted by the parties, and oral argument before the court, it is ordered that said petition shall be and the same hereby is dismissed.