553 A.2d 119

Taxpayers of The City of Carbondale, et al., Appellants *v.* City of Carbondale, Appellee.

Argued September 12, 1988, before Judges DOYLE, BARRY and McGINLEY, sitting as a panel of three.

*Anthony C. Busillo, II,* for appellants.

*Armand E. Olivetti, Jr., Olivetti & Scacchitti,* for appellee.

OPINION BY JUDGE BARRY, January 20, 1989:

Thirteen members of the Police Department of the City of Carbondale who are also taxpayers of that city, (appellants), appeal from an order of the Court of Common Pleas of Lackawanna County which vacated a decree nisi enjoining the city of Carbondale (City), its city council, its mayor and its treasurer from paying monies to Alan B. Clements for work performed as the City's Chief of Police and from paying monies into a police pension fund on behalf of Mr. Clements.

The City, a Home Rule Charter Municipality under the Home Rule Charter and Optional Plans Law, Act of April 13, 1972, P.L. 184, *as amended,* 53 P.S. §1-101-1-1309, and Mr. Clements entered into a management employment contract for a period of five years beginning on May 13, 1986. Mr. Clements, not a member of the City's Police Department, was assigned the duties of Chief of Police and assumed those duties without taking a civil service examination. On January 9, 1987, the appellants filed an equity action seeking to enjoin the payment of monies to Mr. Clements for work performed as Chief of Police and from paying monies into the City's police pension fund on his behalf. They alleged, *inter alia,* that since Mr. Clements had taken neither a civil service examination nor a physical examination, his appointment to the position of Chief of Police was in violation of Article XLIV of the Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§39401-39410, as well as Rules 2 and 3 of the City's Civil Service Rules. The chancellor, on February 9, 1987, entered a decree nisi which granted such injunctive relief.[1]

---

[1] In doing so, the chancellor rejected the appellees' argument that, because, under the City's home rule charter, department heads are not under civil service, the fact that Mr. Clements had taken

Following the entry of the decree nisi, Mr. Clements, along with Mr. John J. Gilgallon, took a civil service examination administered by the City for the position of Chief of Police. He achieved a score of 65%, while Mr. Gilgallon achieved a score of 49%. Because Mr. Clements was an honorably discharged veteran, he was allowed an additional fifteen percentage points towards his examination score pursuant to Section 7103(b) of the Military Code (Code), 51 Pa. C. S. §7103(b).[2] This allowance resulted in Mr. Clements obtaining a final score of 80%, which, unlike a score of 65%, was a passing score under the City's civil service rules.

After the examination results were announced, the appellees filed a motion to vacate the decree nisi since Mr. Clements had taken the civil service examination and had passed it. That motion was granted by the chancellor. This appeal then followed.

---

neither a civil service examination nor a physical examination was of no consequence. He concluded that the City would not adopt a home rule charter which exempted applicants for the position of Chief of Police from the requirement of Sections 4401 and 4404 of the Third Class City Code, 53 P.S. §§39401, 39404. The City filed a motion for post-trial relief in which it contended that, in reaching that conclusion, the chancellor had misapplied applicable law. It appears that this motion was never disposed of.

[2] That section provides:

Municipal examinations.—When any [soldier] shall take any examination for appointment or promotion in the civil service of any of the various municipal agencies within this Commonwealth, as required by any existing law or any law which may hereafter be enacted, such person's examination shall be marked or graded 15% perfect *before the quality or contents of the examination shall be considered.* When the examination of any such person is completed and graded, such grading or percentage as the examination merits shall be added to the aforesaid 15%, and such total mark or grade shall represent the final grade or classification of such person and shall determine his or her order of standing on the eligible list.

It is the appellants' contention that the chancellor erred when he concluded that the allowance to Mr. Clements of an additional fifteen percentage points on the civil service examination was proper, even though otherwise he would have failed the examination. Appellants also argue that Section 7103(b) of the Code is an unconstitutional statute if it applies to examinations other than those for entry level positions. The appellees, in addition to arguing that the allowance of veteran's preference points to Mr. Clements does not violate either the federal or state constitution, argue that the appellants lack standing to challenge the constitutionality of such an award.

Although the issue of standing was not addressed by the chancellor in his opinion, it was raised by the appellees in a reply brief filed with the chancellor, in support of the motion to vacate the decree nisi. The appellants, relying upon an opinion letter by the Attorney General dated June 15, 1976, *Opinions of the Attorney General,* No. 76-17, had asserted for the first time in their brief in opposition to the motion to vacate that the allowance of an additional fifteen preference points pursuant to Section 7103(b) of the Code violates Article I, Section 17 of the Pennsylvania Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

In order to have standing to challenge the validity of governmental action, one must generally have a direct, immediate and substantial interest in the claim he seeks to litigate. *William Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1971). One has such an interest if it is something which the law recognizes and protects and not merely the abstract interest of all citizens in having others comply with the law. The plaintiff must show a sufficiently close causal connection between the governmental action he seeks to challenge and some discernible adverse effect on that interest. *Id.*

Here, the appellants have not asserted facts showing that they have a direct, immediate and substantial interest in the claim they seek to litigate. The interest purportedly is the prevention of the misuse of tax revenues for payment of a salary to, and pension contributions on behalf of, an unqualified person. As the Supreme Court stated in *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979):

> [T]he prevention of a waste of tax revenue has been correctly held to be an interest which is not immediate because the detriment to the taxpayer is too remote since he is not directly or specially affected by the loss. ... The prevention of a waste of tax revenue, ..., is merely the same interest all citizens have in having others comply with the law or the constitution. Accordingly, ..., such an interest is not sufficient to confer standing, ....

*Id.* at 444, 409 A.2d at 851-52. (Citations omitted.)

The Supreme Court has, however, recognized a narrow exception to the rule that a taxpayer must have a direct, immediate and substantial interest in the claim he seeks to litigate in order to have standing. A taxpayer who does not allege facts showing that he has such an interest may still have standing if he is able to show that the following special circumstances exist:

> (1) the governmental action the taxpayer seeks to challenge would otherwise go unchallenged;

> (2) those directly and immediately affected by the governmental action the taxpayer seeks to challenge are beneficially affected and not inclined to challenge it;

> (3) judicial relief is appropriate;

> (4) redress through other channels is unavailable; and

> (5) no other persons are better situated to assert the claim.

*Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 170, 507 A.2d 323, 329 (1986); *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988).

It is the conclusion of this Court that the required special circumstances are present here. The constitutionality of the award of veteran's preference points pursuant to Section 7103(b) of the Code will go unchallenged in this case because the only person directly and immediately affected by the award—Mr. Clements—is beneficially affected by it. Judicial relief is appropriate since the determination of the constitutionality of a statute is a function ultimately left to the courts. Consumer Party, 510 Pa. at 170, 507 A.2d at 329. Redress through another channel is unavailable. Finally, since the only person in this case directly and immediately affected by the award of veterans preference points pursuant to Section 7103(b) is beneficially affected by it, it cannot be said that there are any other persons better situated to assert a claim that the award is in violation of the state and federal constitutions.

The appellants rely upon the decision in *Commonwealth ex rel. Graham v. Schmid,* 333 Pa. 568, 3 A.2d 701 (1938). In *Schmid,* the Supreme Court declared that Section 4405 of the Third Class City Code, former 53 P.S. §12198-4405, was unconstitutional. That section, which is substantially similar to Section 7103(b) of the Code, read as follows:

> When any person who was engaged in the military or naval service of the United States during any war in which the United States engaged, and has an honorable discharge therefrom shall take any examination for appointment or promotion, his examination shall be marked or graded fifteen per centum perfect *before the quality or contents of the examination shall be considered.* When the examination of any such person is

> completed and graded, such grading or percent-
> age as the examination merits shall be added to
> the aforesaid fifteen per centum, and such total
> mark or grade shall represent the final grade or
> classification of such person and shall determine
> his or her order of standing on the eligible list.

The Supreme Court held the emphasized language in the above provision had the effect of establishing passing grades for veterans that were lower than those for non-veterans who take such examinations. It ruled that this effect made the provision unconstitutional. According to the Court, the provision failed to provide a reasonable relation between the value of military training and its appraisal in public employment and gave undue weight to military service, which violated the constitutional provisions against class legislation and special privilege. *Id.* at 579, 3 A.2d at 706.

Section 7103(b), like the provision found to be unconstitutional in *Schmid,* allows preference points to all veterans before their examinations are scored. The decision in *Schmid* has never been overruled by our Supreme Court. Furthermore, the United States Supreme Court has never addressed the issue of whether a provision for the allowance of preference points to all veterans before their examinations are scored is constitutional. The chancellor, nevertheless, concluded that the decision in *Schmid* is not controlling on the question of the constitutionality of Section 7103(b). He reasoned that, because the phrase "granting to any corporation, association or individual any special or exclusive privilege or immunity" does not appear in Article III, Section 32 of the State Constitution of 1968[3], *Schmid* no longer controls. We believe this rationale is flawed.

---

[3]Article III, Section 32 of the State Constitution of 1968 is Article III, Section 7 of the State Constitution of 1874 renumbered. That article had provided in pertinent part:

It is true that the trial court in *Schmid* found that Section 4405 of the Third Class City Code violated Article III, Section 7 of the State Constitution of 1874. It is also true that the phrase "granting to any corporation, association or individual any special exclusive privilege or immunity" does not appear in Article III, Section 32 of the State Constitution of 1968. We note, however, that, by the third clause of Article I, Section 17 of the State Constitution of 1968, irrevocable grants of special privileges and immunities are prohibited. In *Schmid,* it was found that allowances of preference points to veterans before their civil service examinations were scored constituted grants of a special privilege to veterans. Section 7103(b) does not establish any grounds for revoking the award of preference points thereunder. Therefore, it is the conclusion of this Court that it grants a special privilege to veterans in violation of Article III, Section 7 of the State Constitution.[4]

We note in closing that the chancellor also relied upon this Court's decision in *Williams v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 554, 300 A.2d 799 (1973) as support for the proposition that Section 7103(b) of the Code is constitutional. Such reliance is misplaced. In that case the constitutionality of Section 3 of the Veteran's Preference Act of 1945, was at issue. That provision, which was repealed and re-enacted in Section

---

The General Assembly shall not pass any local or special law... granting to any corporation, association or individual any special or exclusive privilege or immunity, ....

[4]Having concluded that the allowance of preference points to Mr. Clements prior to the scoring of his examination pursuant to Section 7103(b) violates Article III, Section 7 of the State Constitution, we need not address the appellants' claims that it violates the Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution or that it was an allowance of veteran's preference points in an examination for a promotion in contravention of *Commonwealth ex rel. Maurer v. O'Neill,* 368 Pa. 369, 83 A.2d 382 (1951).

7103(a) of the Code, did not, however, call for the allowance of preference points to all veterans before their examinations were scored. Instead, it only called for the allowance of preference points to those veterans who successfully passed their examinations.

Accordingly, the order of the chancellor vacating the decree nisi is reversed and the decree nisi is reinstated. Since it appears that the appellees' motion for post-trial relief was still unresolved at the time the order vacating the decree nisi was entered, this matter is remanded to the trial court for disposition of that motion.

ORDER

NOW, January 20, 1989, the order of the Court of Common Pleas of Lackawanna County dated August 13, 1987, at No. 87 Equity 1, is hereby reversed and the decree nisi is reinstated. This matter is remanded for disposition of the appellees' motion for post-trial relief.

Jurisdiction relinquished.

Judge MACPHAIL did not participate in the decision in this case.

CONCURRING OPINION BY JUDGE DOYLE:

I write separately only to point out that I believe the Appellants have standing under the rubric of *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), and resort to the special circumstances found in *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184 (1988), is not necessary. *See also Yuska v. City of Pittsburgh*, 100 Pa. Commonwealth Ct. 169, 514 A.2d 297 (1986).