582 A.2d 425

**JEFFERSON COUNTY ASSISTANCE OFFICE, DEPART-MENT OF PUBLIC WELFARE, Petitioner,**

**v.**

**Elizabeth A. WOLFE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 1, 1990.

Decided Nov. 9, 1990.

Edward P. Carey, Regional Counsel, Pittsburgh, for petitioner.

Bruce M. Ludwig, with him, Elizabeth A. Wolfe, pro se, Sheller, Ludwig, and Badey, P.C., Philadelphia, for respondent.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Jefferson County Assistance Office, Department of Public Welfare (Appointing Authority) from an order of the State Civil Service Commission (Commis-

sion) which sustained an appeal by Elizabeth A. Wolfe from her non-selection for promotion to Income Maintenance Casework Supervisor (IMCS). The Commission's order directed, *inter alia*, that the Appointing Authority vacate the position which it had filled with one Lois MacDonald, and proceed to fill the vacancy "utilizing a selection process limited to such candidates as were properly eligible as of June 16, 1989" (the date MacDonald was promoted).

The Commission found the following pertinent facts. The IMCS classification requires two years of prior experience in the Income Maintenance Caseworker (IMC) classification. MacDonald, however, had been in that specifically designated capacity for only eighteen months. While not contained specifically in the Commission's adjudication, it is apparently undisputed that the Commission itself had certified Mac-Donald to the Appointing Authority as eligible for the position. Whether it erred in doing so is disputed as MacDonald apparently, in addition to the eighteen months, served a six-month probationary period in the IMC classification. The question is whether that probationary time could be counted toward her two years in the IMC classification.

The Appointing Authority in its appeal to us maintains that the Commission should be estopped from directing that MacDonald be removed as ineligible when the Commission itself had certified her as eligible. It also maintains that Wolfe failed to prove (1) that MacDonald was not eligible for promotion and (2) that Wolfe was aggrieved by Mac-Donald's promotion.

■ Unfortunately, we are unable to reach the merits of this appeal. The Commission's order directed that Mac-Donald be removed from the position. As a civil servant, MacDonald had a property interest in her position and could not be removed without due process. *Riddick v. Cuyler*, 523 F.Supp. 258 (E.D.Pa.1981). MacDonald, however, was never made a party to the proceedings before the Commis-

sion.[1] The issue which we raise *sua sponte* is whether MacDonald was, or is, an indispensable party. *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684 (1986).

To determine whether a party is indispensable the following inquiries must be made:

1. Do absent parties have a right or interest related to the claim?
2. If so, what is the nature of that right or interest?
3. Is that right or interest essential to the merits of the issue?
4. Can justice be afforded without violating the due process rights of absent parties?

*Mechanicsburg Area School District v. Kline*, 494 Pa. 476, 431 A.2d 953, 956 (1981). We hold that MacDonald is an indispensable party to this litigation and the failure to provide her with notice and an opportunity to be heard was a violation of her due process rights.

While MacDonald's absence may not have been contested by either party, the failure to join an indispensable party is subject matter jurisdictional in nature and we feel obligated to raise it *sua sponte* for very sound, and obvious, reasons. *Vale.*

Accordingly, because an indispensable party was missing in the action before the Commission, we shall vacate its order and remand with directions that MacDonald be given the opportunity to join in the litigation.[2]

1. While it is not of record, we were informed at argument that MacDonald had filed an appeal with the Commission which had been dismissed.

2. If MacDonald declines to participate in the litigation after being duly served, that fact should be made of record. The case could then proceed without her as the giving of notice and the opportunity to participate would cure the due process problem.

   The Commission should take note that where a selection is challenged by one not selected, the selectee whose job is placed in issue by the challenge should always be given the opportunity to participate in the action. Dicta in any case which contains a contrary implication,

Vacated and remanded.[3]

## ORDER

NOW, November 9, 1990, the order of the State Civil Service Commission in the above-captioned matter is hereby vacated and this case is remanded to the Commission for further proceedings consistent with this opinion.

Jurisdiction relinquished.

*e.g., Pennsylvania Board of Probation and Parole v. Baker,* 51 Pa.Commonwealth Ct. 501, 414 A.2d 1117 (1980), should be disregarded.

**3.** We recognize that the effect of our vacation of the Commission's order is to direct that MacDonald be placed in the position temporarily until a valid adjudication is rendered. We are not concerned, however, at this juncture with whether MacDonald was a qualified candidate or not as that matter cannot be determined now without the opportunity for her participation. In the absence of any evidence properly before us on this issue, the presumption of administrative regularity must prevail. *See Pettit v. Civil Service Commission,* 4 Pa.Commonwealth Ct. 124, 285 A.2d 223 (1971).