608 A.2d 1121

**Joseph CULLURA, Appellant,**

**v.**

**SCHOOL DISTRICT OF BRISTOL TOWNSHIP and the Board of School Directors of the School District of Bristol Township, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided May 5, 1992.

Edwin N. Popkin, for appellant.

Kevin M. Bradway, for appellees.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal [1] by Joseph Cullura from an order of the Court of Common Pleas of Bucks County which denied Cullura's appeal from a decision of the Bristol Township School Board (Board) terminating him as a nonprofessional employee.

The following facts are pertinent. Cullura had been employed by the School District as the substitute maintenance person. By letter dated January 19, 1990 he was informed that the Board had approved his appointment to the position of General Maintenance I to become effective on January 22, 1990. After the appointment was made the

1. This case was reassigned to the opinion writer on March 3, 1992.

Transport Workers' Union of America (Union) filed a grievance alleging that under the relevant provisions of the collective bargaining agreement another employee with greater seniority than Cullura, one Cormack Bryant,[2] should have been given the position. The Union's grievance was upheld at the first level by the School District and no appeal was taken from that determination. As a result of that grievance procedure Bryant was given the position that Cullura had held and Cullura was notified by letter dated February 16, 1990 of his termination effective March 2, 1990.[3] On March 5, 1990 Cullura requested a hearing before the Board on his termination. His request was denied. Thereafter, he filed an action in mandamus together with a motion for peremptory judgment seeking a court order directing that the Board hold a hearing. The Court of Common Pleas of Bucks County by an order dated April 10, 1990, granted Cullura's motion and the Board conducted a hearing on May 2, 1990. After the hearing, the Board issued an adjudication in which it determined that Cullura was properly terminated. Cullura appealed to the common pleas court which affirmed the Board's termination. Further appeal to this Court followed.

■ While on appeal Cullura alleges numerous errors which go to the merits of the case, we find that we are unable to reach these issues because we note that Bryant did not have the opportunity to participate in Cullura's termination hearing. In *Jefferson County Assistance Office, Department of Public Welfare v. Wolfe*, 136 Pa. Commonwealth Ct. 115, 582 A.2d 425 (1990), this Court held that a successful promotion candidate was an indispensable party whose due process rights were violated by the failure to provide that individual with the opportunity to participate in the non-selectee's hearing. We raised the issue sua sponte there, as we do here, because where a party is

2. This individual's name is also spelled "Carmark" Bryant in the notes of testimony. We are unable to tell which spelling is correct.

3. Later, in a March 9, 1990 letter, Cullura was informed that this termination was actually a reduction in force due to the resolution of the grievance.

indispensable to the litigation and is not joined there is a subject matter jurisdiction defect. *Id.*

■ Our decision in *Jefferson County* relied upon *Riddick v. Cuyler,* 523 F.Supp. 258 (E.D.Pa.1981), for the proposition that a civil servant has a property interest in his or her position and cannot be removed without due process. What we did not do, however, in *Jefferson County* was distinguish *McGrath v. Staisey,* 433 Pa. 8, 249 A.2d 280 (1968), and *Appeal of Austerlitz,* 63 Pa. Commonwealth Ct. 140, 437 A.2d 804 (1981). In both of those cases the respective courts held that where an individual challenges his non-selection for promotion the public employee whose promotion is being challenged is not an indispensable party to the litigation. We now take the opportunity to explain the seeming inconsistency between *McGrath/Austerlitz* and *Jefferson County.*

First, it should be noted that *McGrath* and *Austerlitz* were grounded only upon the rights given by the various state statutes involved. In other words there was no general due process challenge present in those cases. In *McGrath* the non-selectee's rights were grounded only in Section 1516 of the Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. § 4516. In *Austerlitz* the non-selectee's rights were grounded only in Section 645 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. 55645.[4]

■ The primary basis for our decision in *Jefferson County* and our determination today to adhere to the holding first espoused in that case, however, is the broadening of due process rights as recognized by the federal courts. As noted previously, *Riddick* recognized that a civil servant has a property interest in his or her position and cannot be removed without due process. *Accord Abraham v. Pekarski,* 728 F.2d 167 (3d Cir.1984), *cert. denied,* 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984). Whether because of the necessity of a reduction in force or due to merit factors,

4. Section 645 was added by Section 20 of the Act of May 27, 1949, P.L.1955.

Cullura was, in fact, removed from his position and he alleges the right to challenge that decision in a due process setting under Section 514 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 5–514.[5] If his challenge were successful, Bryant would in all likelihood be terminated. Since Bryant's rights are threatened by the merits of this litigation and justice cannot be afforded without violating his due process rights, *Jefferson County,* we conclude that he is an indispensable party to this litigation.

Accordingly, based upon the above discussion, the order of the Court of Common Pleas of Bucks County is vacated and this case is remanded to allow Cullura to take the necessary steps to join Bryant in this litigation. *See Patwardhan v. Brabant,* 294 Pa. Superior Ct. 129, 439 A.2d 784 (1982).[6]

## ORDER

NOW, May 5, 1992, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

This decision was reached and opinion adopted before the conclusion of Senior Judge BARBIERI's service.

**5.** We recognize that state law determines whether a property interest exists in retaining a given governmental job. *Brown v. Trench,* 787 F.2d 167 (3d Cir.1986). The Board asserts that Section 514 does not grant any rights to Cullura. It, however, failed to appeal from the common pleas court's order granting mandamus. As to the Board that order was final as it put the Board out of court. *See Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). Hence, the Board has waived this argument and we need not decide it. *See Matter of Franklin Township Board of Supervisors,* 475 Pa. 65, 379 A.2d 874 (1977). We, thus, assume, for purposes of this case, that the School Code afforded Cullura certain due process rights.

**6.** We point out to the parties that if Bryant declines to participate in the litigation after being given the opportunity to do so the case then can proceed without him as the *joining* of the individual cures the due process problem. *See Jefferson County,* 136 Pa.Commonwealth Ct. at 118–19 n. 2, 582 A.2d at 427 n. 2.

BARBIERI, Senior Judge, dissenting.

Because I disagree with the majority's holding, I must respectfully dissent.

It is my belief that our Supreme Court has already decided the issue of whether a promoted public employee is an indispensable party to litigation disputing that promotion. In *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968), our Supreme Court held that improperly appointed or promoted public employees, despite their potential interest in suits brought by colleagues disputing their appointment or promotion, are not indispensable parties to the litigation.

Indeed, this Court, in *Appeal of Austerlitz*, 63 Pa. Commonwealth Ct. 140, 437 A.2d 804 (1981), while questioning the rationale of *McGrath*, felt bound, nonetheless, by the clear pronouncement of our Supreme Court. Consequently, in that case, we reiterated the Supreme Court's position that public employees who receive promotions are not indispensable parties to litigation challenging their promotions. Specifically, we stated:

> The point has been settled. In McGrath v. Staisey, 433 Pa. 8, 249 A.2d 280 (1968), the Pennsylvania Supreme Court reiterated that improperly appointed or promoted public employees, despite their potential interest in the litigation, are not indispensable parties.

*Austerlitz*, 63 Pa. Commonwealth Ct. at 143, 437 A.2d at 805.

Recently, however, in *Jefferson County Assistance Office v. Wolfe*, 136 Pa. Commonwealth Ct. 115, 582 A.2d 425 (1990), this Court diverged from previously established case law by holding that public employees who receive promotions are indispensable parties to litigation challenging their promotions. As such, we refused in that case to address the merits of an appeal from litigation instituted by a colleague who was not selected for a promotion on the basis that the successful candidate for the promotion, being an indispensable party, was not provided with notice and an

opportunity to be heard in violation of her due process rights. Accordingly, we vacated and remanded the order of the state civil service commission with directions that the successful candidate be given the opportunity to join in the litigation instituted by her unsuccessful colleague disputing her promotion.

The majority attempts to distinguish the seeming inconsistency between *McGrath/Austerlitz* and *Jefferson County* on the basis that the holdings in *McGrath/Austerlitz* were grounded upon the rights given by the various state statutes involved, rather than upon due process rights; whereas, in *Jefferson County*, the holding was based upon due process rights in that a civil servant, having a property interest in his or her position, cannot be removed without due process. Even if there were merit to this distinction, which I question, I still believe that the holdings in *McGrath/Austerlitz* control in the case at bar.

Here, the Union and the School District bargained for a collective bargaining agreement (agreement) which outlined a grievance procedure for disputing employee promotions. According to Appendix C Subsection 8 of the parties' agreement, in the event that two or more employees have the same relative qualifications, as solely determined by the employer, the employee with the greater seniority shall be selected. By the School District upholding the Union's grievance, it was determined that Cullura should not have been promoted to the position of General Maintenance I over another employee in the bargaining unit with equal qualifications, but greater seniority. As such, Cullura's promotion was not valid and, therefore, he had no property interest in his "new" position and could be removed without due process.[1] Accordingly, the rationale of *Jefferson County* cannot be applied to this case and, therefore, the holdings in *McGrath/Austerlitz* should control.

1. If Cullura disputed the outcome of the grievance proceeding, he should have instituted his own grievance against the School District. That way, someone neutral, i.e. an arbitrator, would have determined who should have been awarded the position.

Furthermore, from my review of the relevant cases and the majority's holding, it appears that the majority has turned the case law upside down to fit the facts of this case. In *McGrath/Austerlitz* and *Jefferson County*, the actions involved employees who were not selected for the promotion, disputing the promotion of a fellow employee. Here, in contrast, the action involves an employee who was initially selected for the promotion, but then removed from that position on the basis of the resolution of the Union's grievance, and who now disputes his removal on the ground that it was unlawful pursuant to Section 514 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 5–514.

Moreover, in this case, the majority holds that Cormack Bryant, the employee who was awarded the position based on the grievance proceeding, should be joined as an indispensable party to Cullura's litigation, since his rights are threatened by the merits of the litigation. However, because Cullura was removed from his position on the basis of the resolution of the Union's grievance, I believe that the real issue is whether *Cullura* was an indispensable party to the grievance proceeding, disputing his appointment. On this issue, I believe that *McGrath* controls.

For the foregoing reasons, I would not have remanded the matter for the joining of Cormack Bryant, as an indispensable party. Rather, I would have addressed the merits of Cullura's appeal.