## Hill v. Civil Service Commission of Radnor Township

C.P. of Delaware County, no. 91-8256.

*J. Scott O'Keefe,* for plaintiffs.
*Eugene H. Evans,* for defendants.

McGOVERN, *J.,* October 24, 1995—Plaintiffs and defendants have filed appeals from this court's January 18, 1995 judgment in mandamus denying the parties' motions for post-trial relief, thereby allowing the court's judgment entered November 22, 1993 to stand.[1]

Plaintiffs filed a complaint in equity on May 13, 1991 seeking to have the court direct the defendant, Civil Service Commission of Radnor Township, to add veterans' preference points to the total scores earned by plaintiffs upon an eligibility list for promotion to the rank of sergeant in the Radnor Township Police Department. Plaintiffs then filed a writ of mandamus and a petition for a temporary restraining order and preliminary injunction, all seeking to have the court order the award of the said veterans' preference points.

This court, through another judge, granted a temporary restraining order preventing anyone from being promoted to the position of sergeant until a full hearing could be held. Plaintiffs' petition for preliminary injunction was submitted upon stipulation by the parties and denied by yet another judge of this bench, and the temporary restraining order was dissolved.

The action in mandamus was then submitted to this court upon a stipulation of facts entered into by the

---

1. The court's judgment was entitled "order." The court advised the parties on December 15, 1993 that the ruling should be entitled "judgment" pursuant to Pennsylvania Rules of Civil Procedure 1091-1099, 1038 and 227.1. The matter was thus treated as judgment following a nonjury trial and post-trial relief is governed by Rule 227.1.

parties. The court found in favor of plaintiffs, ordering defendant civil service commission to award appropriate veterans' preference points to plaintiffs' examination grades. The court also ordered payment by the defendant township of any difference in compensation due plaintiffs, should the award of preference points result in promotion. Such award was to be computed from the date the promotion would have been effective had not defendants refused to grant the veterans' preference.

## FACTS

The parties agree that plaintiffs are employed by the Radnor Township Police Department as patrolmen and each met the general qualifications necessary to render them eligible for consideration for promotion to sergeant.[2] The township's civil service commission after the examination posted an eligibility list for promotion to sergeant in the Township Police Department on February 7, 1991. Plaintiff, Robert J. Castaldi, was ranked no. 7 on the said eligibility list, with a total score of 79.22; plaintiff, Steven F. Hill, was ranked no. 8, with an eligibility score of 78.13; and plaintiff, Dennis Sexton, was ranked no. 12, with an eligibility score of 75.06. Each of the plaintiffs' scores exceeded the minimum passing grade as defined by the township administrative code. Each plaintiff is a veteran as defined by Pennsylvania's Veterans' Preference Act of 1976, 51 Pa.C.S. §§7101-7106. Plaintiffs requested that the civil service commission grant each the appropriate vet-

---

2. The qualifications for promotion to the rank of sergeant are described by the Administrative Code of Radnor Township in regard to civil service procedure.

erans' preference points as provided by statute.[3] The civil service commission refused to comply with the mandate of these statutory provisions. Plaintiffs requested a hearing before the said commission in order

---

3. The statute provides:

"When any soldier shall take any civil service . . . promotional examination . . . under any political subdivision . . . he shall be given credit . . . for the discipline and experience represented by military training and for the loyalty and public spirit demonstrated by his service for the preservation of his country . . ." 51 Pa.C.S. §7102(a).

The statute further provides:

"When any such person shall take any examination for . . . promotion in the civil service of any of the various municipal agencies within this Commonwealth, . . . such person's examination shall be marked or graded 15 percent perfect before the quality or contents of the examination shall be considered. When the examination of any such person is completed and graded, such grading or percentage as the examination merits shall be added to the aforesaid 15 percent, and such total mark or grade shall represent the final grade or classification of such person and shall determine his or her order of standing on the eligible list." Act of August 1, 1975, P.L. 233, no. 92, 1, effective January 1, 1976; 51 Pa.C.S. §7103(b).

Further, the statute provides:

"Whenever any soldier possesses the requisite qualification, and his name appears on any eligible promotional list, certified or furnished as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position shall give preference to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list." 51 Pa.C.S. §7104(b).

It may be argued that sections 7103 and 7104 of the Veterans' Preference Act are not tandem acts but independent veterans' preferences and, therefore, section 7104 renders section 7103 meaningless. Such is not the case, however, because the one section affords a basis to distinguish where there is more than one veteran entitled to preference.

to determine the applicability of the veterans' preference, but the commission refused plaintiffs' request for a hearing. Plaintiffs, therefore, instituted this action in mandamus.

## DEFENDANTS' APPEAL

### *Jurisdiction of the Court*

Defendants' initial contention is that the court lacked subject matter jurisdiction because indispensable parties were not joined in this action. Defendants argue that the three individuals who were selected for promotion to the grade of sergeant instead of the plaintiffs, together with any unnamed individuals who were veterans and scored higher than plaintiffs, were all indispensable parties.

Defendants have failed to identify any veterans who scored higher than plaintiffs in this action.

An indispensable party is one whose rights are so interconnected with the claim to be litigated that such right will be infringed upon if any relief is granted. *Pennsylvania Human Relations Commission v. School District of Philadelphia,* 167 Pa. Commw. 1, 651 A.2d

---

Further, the statute governing the township's civil service commission provides:

"The commission shall post in its office the eligible list containing the names and grades of those who have passed the examination. Persons male or female who served in the military or naval service of the United States during any war in which the United States has been, is now, or shall hereafter be engaged and who have honorable discharges from such service, who have successfully passed the examination, shall be given the additional credits and preference in appointment and promotion provided for by law." Act of December 4, 1980, *as amended,* P.L. 1101, no. 188, §2, effective immediately; 53 P.S. §55635.

177 (1993). Where an indispensable party is not joined in a lawsuit, it is then impossible for a court in equity to grant relief. The rationale is obvious. *Guthrie Clinic Ltd. v. Meyer,* 162 Pa. Commw. 152, 638 A.2d 400 (1994).

Defendants argue that the Commonwealth Court in *Cullura v. School District of Bristol Township,* 147 Pa. Commw. 636, 608 A.2d 1121 (1992), supports their position. The Commonwealth Court there, however, was merely clarifying the recognized distinction from two earlier matters, namely *McGrath v. Staisey,* 433 Pa. 8, 249 A.2d 280 (1968), and *In re Appeal of Austerlitz,* 63 Pa. Commw. 140, 437 A.2d 804 (1981). The Supreme Court and the Commonwealth Court, respectively, there held that where an individual challenges his not having been selected for promotion exclusively upon rights granted by a state statute, then the public employee whose promotion is being challenged is not an indispensable party to the litigation. The Commonwealth Court of Pennsylvania has recognized this situation as being distinguishable from that where a general due process challenge was made part of the case, and concluded that only in the latter circumstance were the public employees whose promotion *was being challenged* indispensable parties to the litigation. The situation in *Cullura v. School District of Bristol Township, supra,* was found by the court to be distinguishable from that where a general due process challenge was made as part of the case and, therefore, concluded that only in the latter were the public employees whose promotion was being challenged indispensable parties to the litigation. A general due process challenge is *not* part of the case at bar.

Plaintiffs in the case at bar present a purely statutory issue and, following the instructions of Pennsylvania's

appellate courts, neither the employees whose promotions are being challenged, nor the unnamed veteran on the promotion list (should there be such) are indispensable parties in the instant action. *McGrath v. Staisey, supra; Cullura v. School District of Bristol Township, supra; Appeal of Austerlitz, supra.* Therefore, this court has subject matter jurisdiction over the litigation and defendants' contention of error in this regard is without merit.

## Constitutionality

Defendants contend that the relevant provisions of the Veterans' Preference Act are and have been declared unconstitutional. The Pennsylvania Supreme Court in *Commonwealth ex rel. Graham v. Schmid,* 333 Pa. 568, 3 A.2d 701 (1938), held that a statutory grant of preference for a veteran when he is seeking an original appointment was constitutional. The Pennsylvania Supreme Court then concluded in *Commonwealth ex rel. Maurer v. O'Neill,* 368 Pa. 369, 83 A.2d 382 (1951), that while the granting of veterans' preference in the case of original appointments might be constitutional, the awarding of preference points to veterans on examinations for promotions was unreasonable and, therefore, unconstitutional.[4] The Supreme Court in *Com-*

---

4. This 4-3 decision by the Pennsylvania Supreme Court includes a strong dissent written by Justice Allen M. Stearne, who noted: "As I view it, the majority has assumed a function reposing exclusively with the legislature. Heretofore we have held that the wisdom of the classification is for the legislature and is not reviewable by this court. . . . It is the legislature, and not the court, who should determine the wisdom of granting veterans' preference in *appointments* and *promotions.*" *Commonwealth ex rel. Maurer v. O'Neill, supra* at 379, 83 A.2d at 386. (citations omitted) (emphasis in original) The dissent was joined by Justices Stearne and Ladner.

*monwealth ex rel. Maurer v. O'Neill, supra,* found a clear difference between a veteran being given preference in an original appointment from a preference in promotional situations. While not specifically stated in *Commonwealth ex rel. Maurer v. O'Neill, supra,* the constitutional basis for the court's holding was Article III, Section 7, of Pennsylvania's 1874 Constitution which, in pertinent part, provides:

"The general assembly shall not pass any local or special law . . . [g]ranting to any corporation, association or individual any special or exclusive privilege or immunity . . ."

It must be noted that this provision does not prohibit legislation affecting a legitimate constitutional class. That section of the 1874 Constitution was the basis for the constitutional challenge in both *Graham v. Schmid, supra,* in 1938, and *Commonwealth ex rel. Maurer v. O'Neill, supra,* in 1951. Since Pennsylvania's Constitution was rewritten and adopted in 1968, the underpinnings of both cases have been removed. The applicable provisions of the 1968 Pennsylvania Constitution, Article III, Section 7 (renumbered to the present Article III, Section 32) significantly amended the earlier provisions and now control the instant litigation because the statute here in question was adopted on August 1, 1975, P.L. 233, no. 92, effective January 1, 1976; 51 Pa.C.S. §§7101-7109. The provisions of this statute are not materially different, as regards the issues in this case, from the earlier statute considered in *Commonwealth ex rel. Maurer v. O'Neill, supra,* and *Graham v. Schmid, supra.*[5]

---

5. The legislative intent here is eminently clear, where the legislature has subsequently passed a statute in substantially the same terms as that statute found by the Supreme Court to be unconstitutional,

The 1968 Pennsylvania Constitution deleted, in Article III, Section 32, from the 1874 Constitution the passage prohibiting laws granting exclusive privilege or immunities. Therefore, the constitutional foundation upon which *Commonwealth ex rel. Maurer v. O'Neill, supra,* and *Graham v. Schmid, supra,* were based no longer exists, and those cases no longer present controlling authority as concerns the reenacted statute providing for veterans' preference and its constitutionality.

The court in *Commonwealth ex rel. Maurer v. O'Neill, supra,* does not address the 1874 Constitution, and, indeed, does not even cite the offended constitutional passage. We are instructed to assume constitutionality, and we are not constrained from so doing here because both *Commonwealth ex rel. Maurer v. O'Neill, supra,* and *Graham v. Schmid, supra,* addressed issues in light of the 1874 constitutional provision which has been deleted in the 1968 Constitution. The reenactment of this statute is controlled by the 1968 Constitution, with its differences, and we find no indicia of unconstitutionality in the present act under the present constitution. It is clear that one cannot properly find here, as defendants suggest, that the statute reenacted under these circumstances and in substantially the same terms as the pre-1968 statute adopted or ratified the *Commonwealth ex rel. Maurer v. O'Neill, supra,* holding.

The obvious solution, in any event, to the constitutional question raised by *Commonwealth ex rel.*

---

and where the constitution has in the interim been changed. We must presume that the legislature was aware of the prior constitutional provisions, the Pennsylvania's Supreme Court's decisions, and the new provisions of the present Pennsylvania Constitution, when it enacted such legislation as is at issue here. The Pennsylvania Legislature obviously intended veterans' preference in applications for employment, as well as in promotions.

*Maurer v. O'Neill, supra,* would be simply to strike the offending provision so long as the balance of the statute could stand as an integral whole. Such is easily accomplished here by simply severing the offending words which allow the inclusion of individuals who *did not pass* the promotion examination from the Veterans' Preference Act. The Supreme Court in *Commonwealth ex rel. Maurer v. O'Neill, supra,* does not hold the statute unconstitutional but merely holds that section 7103(b) is unconstitutional insofar as it applies to veterans who fail to pass the promotional examination. *Taxpayers of the City of Carbondale v. City of Carbondale,* 123 Pa. Commw. 20, 553 A.2d 119 (1989). Plaintiffs here have passed the examination.

Defendants contend that the case of *Taxpayers of the City of Carbondale v. City of Carbondale, supra,* contradicts the conclusion reached by this court. However, the Commonwealth Court there was presented with a clearly distinguishable factual matrix because the veteran had been awarded preference points in a promotional examination which he had *not otherwise passed.* Judge Barry's opinion for the Commonwealth Court concluded that even though the 1968 Constitution deleted the 1874 constitutional provision which served as a foundation for the Pennsylvania Supreme Court's decision in *Graham v. Schmid, supra,* still the grant of preference points which would enable a person *not passing* the promotional examination to pass it was unconstitutional because such violated Article I, Section 17, of the 1968 Pennsylvania Constitution which prohibits an *irrevocable* grant of special privileges or immunities.[6] Pennsylvania law in this regard was defined

---

6. Article I, Section 17 of the 1968 Constitution provides:

"No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed."

in 1887 by the Supreme Court ruling that a general statute which makes exclusive privileges for water companies incorporated under its provisions does not violate a constitutional precept against the grant of special privileges or immunities so long as the corporate charter is subject to the power of Pennsylvania's Legislature to alter, amend or repeal. *Freeport Water Works Co. v. Prager,* 3 C.C. 371 (1887), *aff'd,* 129 Pa. 605, 18 A. 560 (1889). That matter concerned a bill seeking to enjoin Mr. Prager from supplying water to the inhabitants of Freeport because, as the plaintiff alleged, it had the exclusive privilege of so doing. The trial court, through Newhard, P.J., had concluded, in part, that the clause of this act granting the Freeport Water Works Co. exclusive franchises and privileges within the Borough of Freeport was constitutional reasoning, in part, if: "the act under which the plaintiff was incorporated is a general law, it would not conflict with this part of the constitution. Section 17, Article I, is as follows, viz.: 'No ex post facto law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.' The plaintiff's charter was granted and accepted subject to the tenth section of Article XVI of the constitution. It may therefore, be altered,

---

It is noted that the Commonwealth Court in *Taxpayers of the City of Carbondale v. City of Carbondale, supra,* specifically limited its holding to Mr. Clements, the subject who received the preference points but failed the examination. The court further found that there was no need to address the "allowance of veterans preference points in an examination for a *promotion* in contravention of *Commonwealth ex rel. Maurer v. O'Neill,*" thus recognizing that the issue of constitutionality as to veterans who passed the examination remained open, and that it was not the statute that was unconstitutional but rather its application to the individual involved in that particular case. See *Taxpayers of the City of Carbondale v. City of Carbondale, supra* at 27 n.4, 553 A.2d at 123 n.4. (emphasis added)

revoked or annulled by the general assembly. The Act of 1874 does not pretend to provide an irrevocable franchise, but one which shall be exclusive while it continues." *Freeport Water Works Co. v. Prager, supra* at 609. (citation omitted)

The Supreme Court of Pennsylvania affirmed the lower court's decision as to constitutionality, although its discussion focused upon the issue of nonexclusivity, as to the municipality, weighed against public policy. An injunction allowing exclusivity was dissolved. The Supreme Court left unchallenged the chancellor's holding that so long as the act can be altered, revoked or annulled, it does not violate Article III, Section 17 of Pennsylvania's 1874 or 1968 Constitution. The clause is identical in both constitutions.

Similarly, the Veterans' Preference Act does not violate Article I, Section 17, of the constitution because the Pennsylvania Legislature is free to alter, revoke or annul it at any time. See *Freeport Water Works Co. v. Prager, supra.*

It must be noted in passing that the constitutional focus of the *Commonwealth ex rel. Maurer v. O'Neill, supra,* and *Graham v. Schmid, supra,* cases was the predecessor to Article III, Section 32 of the 1968 Pennsylvania Constitution (the latter having deleted the operative language as above discussed), whereas the court in *Taxpayers of the City of Carbondale v. City of Carbondale, supra,* focuses upon Article I, Section 17 of the 1968 Pennsylvania Constitution.

The Supreme Court of Pennsylvania considered Article I, Section 17 of the 1968 Constitution as it relates to Pennsylvania statutes in the case of *Johnson v. Pennsylvania Housing Finance Agency,* 453 Pa. 329, 309 A.2d 528 (1973). There, the statute provided that all obligations and incomes derived from the agency created

by that act were to be free from taxation at all times. The Supreme Court held that such a prohibition did *not* violate the constitutional prohibition against the grant of irrevocable privilege or immunity under the constitution, Article I, Section 17. The Supreme Court concluded that:

"The challenged provision is nothing more than an amplification of the federal and state constitutional prohibition against the impairment of contracts. U.S. Constitution, Article I, Section 10, Pennsylvania Constitution, Article I, Section 17; *Worthen v. Kavanaugh,* 295 U.S. 56, 55 S.Ct. 555, [79 L.Ed. 1298] (1935); *Kelley [v. Earle,* 325 Pa. 337, 190 A. 140 (1937)]." *Johnson, supra* at 345.

The Commonwealth Court, speaking through Judge Barry, did not address the issue of irrevocability under Article I, Section 17 of the state constitution.

Therefore, not only does the case of *Taxpayers of the City of Carbondale v. City of Carbondale, supra,* not control this matter because it dealt with a veteran who had failed the promotional examination, but also the statute in question does not, as regards the instant plaintiffs, violate Article I, Section 17, of Pennsylvania's Constitution. Nor do the cases of *Commonwealth ex rel. Maurer v. O'Neill, supra,* or *Graham v. Schmid, supra,* control the instant matter or dictate a different result.

Indeed, the state legislature has distinctly expressed an intent to benefit veterans who have defended their country in foreign wars and has intended that both before and after the 1968 Constitution which controls this statute. There is no contention here that veterans do not constitute a constitutionally reasonable class to be the subject of legislation. It is clear that the instant statute does not grant a privilege to that class which is ir-

revocable because the legislature can, at any time, in its wisdom alter, amend or repeal the Veterans' Preference Act as it is presently written and there would be no preferential privilege.

The defendants have attempted to extend the holding of *Taxpayers of the City of Carbondale v. City of Carbondale, supra,* to include all veterans, whether they passed the examination or not. There is no foundation for such an extension either in the language of that case or in the pre-1968 court decisions. Since the decision in *Taxpayers of the City of Carbondale v. City of Carbondale, supra,* addressed the constitutionality of the application of this statute to the specific fact situation presented there, and since that situation is distinguished from the fact situation sub judice, as has hereinabove been noted, it is not legally appropriate, in this court's judgment, to arbitrarily extend the holding in *Taxpayers of the City of Carbondale v. City of Carbondale, supra,* so that it becomes all encompassing, striking down the new Veterans' Preference Act. The Act is presumed constitutional and any finding of unconstitutionality of the Act itself must be clear and specific.

All of the foregoing led this court to the conclusion that the defendants' contention in this regard must fail.

Defendants argue, however, that the court erred in failing to follow a decision of the United States Third Circuit Court of Appeals, a decision of the Court of Common Pleas of Lehigh County, and an attorney general's opinion. It is clear that unless the United States Supreme Court has decided, the decision of federal intermediate appellate panels is not binding upon Pennsylvania courts. *Lilley v. Johns-Manville Corporation,* 408 Pa. Super. 83, 596 A.2d 203 (1991); *appeal denied,* 530 Pa. 644, 607 A.2d 254 (1992). There is no error

in failing to follow a Third Circuit Court opinion even if directly on point. *Carter v. City of Philadelphia,* 989 F.2d 117 (3rd Cir. 1993).

The decision of a coordinate court from a different county (here Lehigh), while persuasive, does not provide binding precedent. *Castle Pre-Cast v. Strauss-Hammer,* 416 Pa. Super. 53, 610 A.2d 503 (1992). There is no merit in this contention of the defendants.

An attorney general's opinion is entitled to weight when presented in support of a position, but it is not binding upon a court. *Herskovitz v. Pennsylvania Civil Service Commission,* 111 Pa. Commw. 427, 534 A.2d 160 (1987). Again, there is no error on the part of the court in this regard.[7]

This court is left with the conclusion that Article I, Section 17, of the 1968 Constitution prohibits "making irrevocable grant of special privilege . . ." but since the legislature can revoke the veterans' preference privilege at any time, the statute in question does not offend the cited constitutional provision. It may be noted that many legislative grants, for example, driving permits, involve the grant of some special privilege, but so long as the legislature or its designated authority can revoke the grant, it is not constitutionally irrevocable.

Since the Act is not unconstitutional as it applies to veterans who have passed promotional examination, then a determination may be made as to whether the statute violates the Equal Protection Clause of the Pennsylvania or United States Constitutions. The issue has not been raised or argued in the instant case and it

7. Defendants refer to attorney general's opinion no. 76-17 and it must be noted that this attorney general opinion does not even mention the 1968 constitutional change! See Veterans' Preference, 74 D.&C.2d 209 (1976).

would seem that were such to be considered, the Commonwealth is an indispensable party. It is doubtful, in any event, that a successful argument will be raised under either federal or state constitution that veterans do not constitute a reasonable constitutional classification compatible with both constitutions.

## Statutory Construction Act

Defendants take exception to this court's conclusion that the Statutory Construction Act supports the judgment entered. That Act provides, inter alia:

"In the construction of the statutes of this Commonwealth, the rules set forth in this chapter shall be observed *unless the application of such rules would result in a construction inconsistent with the manifest intent of the general assembly.*" Act of December 6, 1972, P.L. 1339, no. 290; 1 Pa.C.S. §1901. (emphasis added)

Defendants contend that the change of Pennsylvania's Constitutions and the reenactment of the statute in question had no impact upon earlier Supreme Court decisions (*Commonwealth ex rel. Maurer v. O'Neill, supra,* and *Graham v. Schmid, supra*).

The legislature, together with the people of Pennsylvania, specifically changed the constitutional language resulting in the deletion of the phrase in Article III of the 1874 Constitution upon which prior Supreme Court rulings were founded. It is difficult to understand how, once the foundation has been stricken, defendants can suggest that such has no impact upon a decision based on that stricken foundation.

The general assembly, contrary to defendants' argument, has clearly manifested an intention of maintaining a veterans' preference. It did so when it reenacted the Veterans' Preference Act after the 1968 Constitution

was adopted. One must labor valiantly in an effort to suggest that the legislature's intent is anything less than clear and manifest.

Any application of the rules of construction which are not consistent with that manifested legislative intent would be inappropriately applied. That, of course, includes provisions of the Statutory Construction Act, as well as the Veterans' Preference Act.

Further, this court believes that it properly applied the Statutory Construction Act. Words and phrases were afforded their common and approved usage where they were not technical. 1 Pa.C.S. §1903. The Veterans' Preference Act was construed to give effect to all its provisions. 1 Pa.C.S. §1921(a). There is no result obtained which is "absurd, impossible of execution, or unreasonable." 1 Pa.C.S. §1922(1). The entire statute was interpreted to be effective. 1 Pa.C.S. §1922(2). This court presumed that the legislature did not intend to violate the constitution. 1 Pa.C.S. §1922(3). This court could not presume that "a court of last resort has construed the language used in . . ." this statute because even though it is reenacted in similar terms as the earlier statute, it was reenacted only after the constitutional provision, upon which the earlier decision by the court of last resort was founded, was deleted.

The Statutory Construction Act, however, has clearly been complied with since the state legislature, in fact, reenacted this statute in the same or similar terms after the 1968 Constitution was adopted. Therefore, it is appropriate, pursuant to the Statutory Construction Act, to assume that the state legislature intended the same construction as had been earlier understood by the court of last resort. 1 Pa.C.S. §1922(4). The legislature did not reenact this Act in the face of the prohibitive constitutional provision as declared by the Pennsylvania

Supreme Court, but waited until that constitutional provision was stricken and then reenacted the statute. That is about as clear a manifestation of legislative intent as one may expect.

Further, the Statutory Construction Act requires that the provisions of every statute shall be severable and, as has hereinabove been suggested, even if the Veterans' Preference Act is found under the new 1968 Pennsylvania Constitution to be unconstitutional as applied to applicants for promotion who have failed the promotional examination, then such interpretation of the Act can be severed and stricken, leaving the Act and the integrity of the legislative intent in place. Still, defendants would not prevail because the plaintiffs herein all passed the promotional examination. 1 Pa.C.S. §1925. There has never been a precedential decision holding the Veterans' Preference Act unconstitutional as it applies to a veteran who *passed* the minimum grade requirement in a promotional examination. There is no essential inseparability connected with the provision or its application in the manner just discussed. Further, the provisions of this statute are to be liberally construed. 1 Pa.C.S. §1928(c).

Therefore, to the extent that the Statutory Construction Act was applicable, there is nothing inconsistent therewith in this judgment. Further, any application of interpretative rules which are not consistent with the expressed intent of the legislature is improper, whether those provisions are set forth in the Statutory Construction Act or elsewhere. This court concluded that the Statutory Construction Act and its presumptions, insofar as prior appellate rulings are concerned, was not applicable in the instant case for the reasons hereinabove set forth. It is suggested that the Statutory Construction Act supports this court's decision and that

the defendants' motion for post-trial relief was appropriately denied.

## PLAINTIFFS' APPEAL

Plaintiffs, for their part, contend that the court erred in not ordering the defendant township to immediately promote them, effective September 3, 1991.

The court's judgment directed the defendants to forthwith award plaintiffs the appropriate veterans' preference points, provide the appropriate preference, and then promote accordingly. The court also ordered the payment of any differential in compensation which would be due plaintiffs according to any promotion enjoyed as a result of this judgment. The compensation was to be paid to the date of that promotion computed from the date when the plaintiffs would have been promoted but for the defendants' refusal to grant veterans' preference. The court, therefore, left to the defendant township its authority and power to appoint and promote based upon the results of the civil service commission's actions. It was the civil service commission's responsibility to grant veterans' preference and thus that commission bore the task of reacting to the court's judgment initially, then leaving the defendant township in a position to move ahead with the promotions. There has never been any suggestion in this matter that one defendant is responsible while another is not. All the defendants have always proceeded as one.

A review of plaintiffs' complaint confirms that plaintiffs' requested relief was to direct the defendant, Civil Service Commission of Radnor Township, to add the veterans' preference points to the total score of plaintiffs on the eligibility list published by that civil service commission. The complaint also sought to have the court direct the defendants to grant preference as defined

in the applicable acts. The court's judgment provided plaintiffs with the relief which they requested and the relief which is mandated by the applicable provisions of the Veterans' Preference Act. The plaintiffs' contention of error, therefore, is not supported by this record and is clearly without merit.

It is for the foregoing reasons that the court denied both the plaintiffs' and the defendants' motions for post-trial relief.