McGrath, Appellant, *v.* Staisey.

Argued October 9, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

re-argument refused February 6, 1969.

*James L. Weisman,* with him *Samuel Avins,* and *Avins & Weisman,* for appellant.

*Francis A. Barry,* First Assistant County Solicitor, with him *David J. Greenberg,* Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for appellees.

10

OPINION BY MR. JUSTICE ROBERTS, November 27, 1968:

On June 12, 1965 appellant, a patrolman in the Allegheny County Bureau of Police, took a competitive written civil service examination for a promotion to the position of sergeant. The examination was administered by the Civil Service Commission for Allegheny Police and Firemen. Appellant attained the third highest grade on the test and was properly placed third on the eligible list submitted by the Civil Service to the County Commissioners; this list was to remain in effect for two years. During that two year period three positions for sergeant were filled, by the patrolmen achieving the first, fourth and fifth highest grades on the examination. Appellant then instituted this mandamus action to compel his promotion by the County Commissioners to the rank of sergeant and to award damages for the difference in pay he would have received as a sergeant since June 12, 1967. Appellees filed preliminary objections in the form of a demurrer contending that appellant had failed to state a cause of action. This demurrer was sustained and appellant took this appeal.

Both parties agree that there is but one statute which governs this situation. It directs: "Promotions shall be based *upon merit, to be ascertained by written examinations*. . . . All examinations for promotions shall be practical in character and such as will fairly test the merit and fitness of the persons seeking promotion." Act of July 28, 1953, P. L. 723, 16 P.S. §4516. (Emphasis supplied.)

It is appellees' contention that the language of this provision would merely require that the applicant "pass" the examination in order to demonstrate sufficient merit to be worthy of promotion and that other factors such as physical agility, personal courage and leadership qualities could then be considered among

those who "pass" in deciding who shall and who shall not be promoted. Appellant rebuts this argument by pointing to the clear language of the statute itself. Appellant argues that if promotions are to be based on merit, i.e., with the most meritorious being promoted first, and merit is to be determined solely by the examination, as the statute explicitly prescribes, then it necessarily follows that the patrolman with the highest grade on the examination should be promoted first.

We believe that appellant must prevail. To adopt the interpretation of this language urged by appellees would torture the plain meaning of the statutory provision. Contrary to appellees' argument that merit "does not, by any stretch of the imagination mean first in a written examination," according to the statute, the *only* way to ascertain merit is by a written test. And since the act states that merit is to be the sole criterion for promotion, there is no reasonable manner in which the statute can be read to authorize the use of criteria other than those in the test.

Further support for the appellant's position is found in a provision of the Second Class Cities Code where the Legislature explicitly established that factors other than the score on a written examination shall be used. "Promotions shall be based upon merit to be ascertained by tests to be provided by the civil service commission *and upon the superior qualifications of the person to be promoted as shown by his previous service and experience.*" (Emphasis supplied.) Presumably if the Legislature intended merit to include nonwritten examination factors in second class counties it could have said so with this or similar language. Certainly words more capable of expressing this idea could have been found than that contained in the instant statute. The same conclusion may be drawn from the original appointment provision for second class counties. This

is the provision on which the court below incorrectly relied. It prescribes that "[t]he commission shall certify for each existing vacancy, from the eligible list, the names of three persons thereon, who have received the highest average in the last preceding examination held within a period of two years next preceding the date of the request for such eligibles. The county commissioners shall thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified. . . ." This is a clear indication of a degree of discretion granted by the Legislature to the county commissioners in making original appointments; such a degree of discretion is not present in the promotion section of the act.

Appellees argue that the interpretation suggested by the appellant is an unconstitutional restriction of the discretion of the appointing authority. But to support this proposition they cite no Pennsylvania case law or constitutional provision which indicates that this is so. The only authority appellees are able to cite is a New York decision, *Balcom v. Mosher*, 163 N.Y. 32, 57 N.E. 88 (1900), which dealt with a special New York constitutional provision unlike any we have in Pennsylvania. Nor are we aware of any Pennsylvania constitutional provision, statutory or case authority suggesting such a rule.*

Appellees' final argument that appellant has failed to join as indispensible parties those individuals who were improperly appointed from lower positions on the civil service list is also not valid. It is perhaps true that these other candidates might be affected in a cer-

---

*It is an accepted view in this state that no employee in the civil service may be appointed, transferred, reinstated, promoted, or discharged in *any* manner or by *any* means other than those specified by statutes regulating civil service. See *Truitt v. Philadelphia*, 221 Pa. 331, 70 Atl. 757 (1908) ; *Commonwealth ex rel. Donahue v. Shields*, 350 Pa. 129, 38 A. 2d 17 (1944).

tain sense by the results of this litigation. However, a long line of cases involving civil service employees indicates that there is no requirement to join the improper appointees. For example, when a civil service employee is dismissed and has been replaced, our cases demonstrate that it is not essential for the replacement to be joined as an indispensible party in the aggrieved employee's action to challenge the validity of his dismissal. See *Beard v. State Civil Service Commission*, 424 Pa. 146, 225 A. 2d 543 (1967) ; *O'Peil v. State Civil Service Commission*, 424 Pa. 151, 225 A. 2d 546 (1967) ; *DeVito v. Civil Service Commission*, 404 Pa. 354, 172 A. 2d 161 (1961).

The order below is vacated and the issue is remanded for proceedings consistent with this opinion.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I agree with the majority Opinion but I write this concurring Opinion to call to the attention of the Legislature the wisdom of changing this unrealistic and stupid provision of the Act, namely, that promotions are to be based upon merit to be ascertained solely by a written examination.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

In his complaint the plaintiff alleges that, ". . . promotions must be made by the Board of Commissioners in order of rank upon the written examination given for the position and that he has, therefore, been illegally bypassed by the defendants for promotion and unlawfully and wrongfully deprived from his right to fill the position of Sergeant and perform the duties thereof and receive the pay and emoluments appertaining thereto."

However, I find nothing in the Second Class County Code which requires the Commissioners to make promotions, as alleged in the complaint, "in order of rank on written examination." Nor do I find any provision in the Code which would make the plaintiff's complaint actionable. On the contrary, 16 P.S. §4509 of the Code indicates, "the rules and regulations shall prescribe the minimum qualifications of all applicants to be examined and the *passing grades.*" (Emphasis supplied). And "[t]he commission shall post in its office the eligible list containing the names and grades of those who have *passed the examination* for positions under this article." (Emphasis supplied).

The purpose of the written examination is to furnish a pool of men who have passed the examination, which pool will then comprise an eligible list for the Commissioners' consideration for promotion. The majority opinion does not cite any statute, nor have I been able to ascertain any provision in law, which requires the Commissioners to do what the majority now compels them to do.

I dissent.

Mr. Justice EAGEN joins in this dissenting opinion.