Mosser, Jr. *v.* Staisey, et al.

Argued February 22, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James L. Weisman,* with him *Friedman, Friedman and Weisman, P. C.,* for appellant.

18

*Thomas H. M. Hough*, with him *Maurice Louik* and *Francis A. Barry*, for appellees.

OPINION BY JUDGE WILKINSON, March 21, 1972:

On June 12, 1965, the Civil Service Commission for Allegheny County Police and Firemen gave an examination to determine eligibility for promotion to Sergeant. As a result of this examination, one James F. McGrath placed third, George A. Ault, fourth, and Anthony E. Donatelli, fifth. When the appointing authorities "passed over" McGrath and appointed Ault and Donatelli, Sergeants, McGrath brought a mandamus action to compel his appointment. On November 27, 1968, with a divided court, the Supreme Court of Pennsylvania upheld McGrath's claim that he should have been appointed and remanded the case for proceedings consistent with the opinion. *McGrath v. Staisey*, 433 Pa. 8, 249 A. 2d 280 (1968).

In the meanwhile, since Rule III (2) of the Civil Service Commission for Allegheny County Police and Firemen provides that the eligibility lists shall continue in effect for a period of only two years, on October 21, 1967, a new examination was given and a new list of eligibles prepared. Appellant placed fourth. Between October 21, 1967 and November 27, 1968, the first two men on the new list were promoted to Sergeant, and the man placing third resigned. This placed appellant in line for appointment to the next vacancy.

The appellees, to be in compliance with the mandate of the Supreme Court's opinion, on Friday, February 18, 1969, created an additional position of Sergeant of Police and at the same time appointed McGrath thereto retroactive to June 12, 1967. To have him fill the position retroactively to June 12, 1967, the position itself must have been created retroactively. On September 29, 1969, appellant instituted this action to require appellees to appoint him to the sergeancy cre-

ated on February 18, 1969. His prayer for relief was denied by the court below and summary judgment entered for appellees. We affirm.

Appellant's able counsel forcefully argues that, as he sees it, McGrath was given the sergeancy position occupied by Donatelli, and that Donatelli was then "promoted" to the new sergeancy created February 18, 1969, to which appellant, he argues, was properly entitled, being next on the eligibility list.[1] We cannot agree.

The new position was created retroactively to comply with the Supreme Court's opinion. In contemplation of law, there was no vacancy on February 18, 1969. There was a new position created retroactively and filled as of some 20 months before at a time appellant was not on the eligibility list. Appellant could argue that the Supreme Court's opinion did not require that a new sergeancy be created and, if the appellees had not done so, then Donatelli would have been "bumped" as the lowest man who had been appointed. Quite so, but the appellees did create the new position and that hypothetical problem never arose.

It seems clear to us that the Supreme Court envisioned the possibility of appellees creating a new position for McGrath and, therefore, avoided disturbing the positions held by Ault and Donatelli when, while discussing that it was not necessary that these two men be joined as indispensable parties, stated: "It is perhaps true that these other candidates might be affected in a certain sense by the results of this litigation." 433 Pa. at 12-13, 249. A. 2d at 282. If it had been required by the opinion that Donatelli be removed, it would necessarily follow he was ineligible for

[1] To be entirely logical, it would seem appellant would have to argue that McGrath took Ault's position, Ault took Donatelli's position, and Donatelli was "out".

reappointment since he was not on the current eligibility list. In that event, there would have been no necessity for the court to say "perhaps" he might be affected!

**Affirmed.**