## Judd *v.* Coles, et al.

Argued November 3, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Henry E. Rea, Jr.,* with him *Brandt, McManus, Brandt & Malone,* for appellants.

*F. Peter Dixon,* with him *McGrath & Dixon,* for appellee.

OPINION BY JUDGE ROGERS, January 10, 1973:

The Borough of Pleasant Hills has appealed from an order of the Court of Common Pleas of Allegheny County in this suit in mandamus ordering the promotion of Eric Judd to the position of lieutenant on the Borough Police force and nullifying the promotion of William F. Houck to that position.

The facts are not in dispute. Mr. Judd had been a member of the Borough police holding the rank of patrolman since May 1, 1967. In May 1970, the Mayor and Council decided to promote two qualified members of the force to the position of lieutenant. A written and oral examination was conducted by the Civil Service Commission of the Borough in conjunction with the Institute of Urban Policy of the University of Pittsburgh. An Eligibility List, certified by the Secretary of the Borough Civil Service Commission, was submitted to Council, listing as eligible for promotion, the following:

| Name & Address | Score |
|---|---|
| 1.  Harry P. Fallert<br>325 Rennie Drive, Pgh., Pa. 15236 | 91.38 |

2. Eric G. Judd
   225 Skyport Drive, W. Mifflin, Pa.
   15122                                          87.96
3. Eugene T. Seaman
   35 B Marhoeffer Drive, Pgh., Pa.
   15236                                          87.16
4. William F. Houck
   11 Audrey Drive, Pgh., Pa. 15236              86.58

Borough Council appointed Harry P. Fallert. Council then requested a new list for the purpose of making an appointment to the second available lieutenancy That list, based on the same examination, was as follows:

|  | *Name & Address* | *Score* |
|---|---|---|
| 1. | Eric G. Judd<br>225 Skyport Drive, W. Mifflin, Pa.<br>15122 | 87.96 |
| 2. | Eugene T. Seaman<br>35 B Marhoeffer Drive, Pgh., Pa.<br>15236 | 87.16 |
| 3. | William F. Houck<br>11 Audrey Drive, Pgh., Pa. 15236 | 86.58 |

Judd was overslaughed and William F. Houck was appointed.

The single issue here is: Whether, in making a promotional appointment Council must appoint the person having the best score on the commission examination, or whether it may call for a list of three eligibles and appoint its choice.

Section 1184 of the Borough Code, Act of Feb. 1, 1966, P. L. (1965)        , No. 581, 53 P.S. §46184, provides: "Every position or employment in the police force or as paid operators of fire apparatus, except that of chief of police or chief of the fire department, or equivalent, shall be filled only in the following manner: the council shall notify the commission of any

vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list, the names of three persons thereon, or a lesser number where three are not available, who have received the highest average. The council shall thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified, unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 1183 of this act. Should such objections be sustained by the commission, as provided in said section, the commission shall thereupon strike the name of such person from the eligible list and certify the next highest name for each name stricken off. As each subsequent vacancy occurs in the same or another position precisely the same procedure shall be followed."

Section 1188 of the Borough Code, 53 P.S. §46188, provides:

"Promotions shall be based on merit to be ascertained by examinations to be prescribed by the commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion.

"The council shall have power to determine in each instance whether an increase in salary shall constitute a promotion."

In *McGrath v. Staisey*, 433 Pa. 8, 249 A. 2d 280 (1968), our Supreme Court held that the Commissioners of a Second Class County must promote the person scoring highest on the examination given by the Civil Service Commission.[1] The court below founded its judg-

---

[1] Section 1516 of the Second Class County Code upon which the decision in *McGrath v. Staisey* was based was, when that case was decided, in the version quoted in our opinion, *infra*. It has

ment in favor of the appellee upon this authority. The appellant borough contends that the pertinent provisions of the Borough Code so differ from that of the Second Class County Code as to compel a different result. We agree.

Placed in juxtaposition, the statutes are:

SECOND CLASS COUNTY CODE

"Manner of Making Appointments—Every position of employment, except that of superintendent of police or equivalent official, unless filled by promotion or reinstatement, shall be filled only in the following manner. . . ." Section 1512 of the Second Class County Code, Act of July 28, 1953, P. L. 723, 16 P.S. §4512.

"Promotions — Promotions shall be based on merit, to be ascertained by written examinations to be prescribed by the board of county commissioners and held under the supervision of the commission. All examinations for promotions shall be practical in character and such as will fairly test the merit and fitness of the persons seeking promotion." Section 1516 of the Second Class County Code, 16 P.S. §4516.

BOROUGH CODE

"Manner of Filling Appointments—Every position or employment in the police force or as paid operators of fire apparatus, except that of chief of police or chief of the fire department, or equivalent, shall be filled only in the following manner. . . ." Section 1184 of the Borough Code, 53 P.S. §46184.

"Promotions — Promotions shall be based on merit to be ascertained by examinations to be prescribed by the commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion.
. . ."
Section 1188 of the Borough Code, 53 P.S. §46188.

The crucial phrase is "unless filled by promotion" appearing in Section 1512 of the Second Class County Code. Its absence in Section 1184 of the Borough Code, leaves without exception here relevant the inclusive

since been amended so as to give the Commissioners of Second Class Counties making promotional appointments the same choice of three provided by Section 1512 in the case of original appointments. Act of Feb. 10, 1970, P. L. 5, 16 P.S. §4516.

adjective "every" as descriptive of the positions to be filled by choice of Borough Council from the list of three eligible persons.

Reversed.