**FRATERNAL ORDER OF POLICE, LOWER MERION POLICE, LODGE 28, et al.**

v.

**TOWNSHIP OF LOWER MERION et al.**

**Civ. A. No. 75–603.**

United States District Court, E. D. Pennsylvania.

July 13, 1976.

Richard Z. Freeman, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiffs.

Parker H. Wilson, Wilson, Oehrle & Drayer, Norristown, Pa., for defendants.

## MEMORANDUM OPINION

VanARTSDALEN, District Judge.

Five members of the Lower Merion Township Police Department and the Fraternal Order of Police, Lower Merion Police, Lodge 28, have brought this civil rights action against the Township of Lower Merion, its Board of Commissioners, its Civil Service Commission, the Township Manager and the Superintendent of Police alleging violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1985 and the laws of Pennsylvania. By order of this court dated August 7, 1975, all claims and causes of action except those based on a lack of equal protection were dismissed. Presently before the court are cross motions for summary judgment.

Plaintiffs claim that they were unlawfully denied promotions to the rank of lieutenant or sergeant. In April, 1973, eligible Lower Merion Township (LMT) policemen, including plaintiffs, were given a written examination by the Township Civil Service Commission. After receiving a passing grade, each plaintiff went on to take an oral examination. The Civil Service Commission, in July, 1973, certified four persons, including plaintiffs Mawhinney and Iademarco as eligible for promotion to the rank of lieutenant. Mawhinney had the highest score of the four and Iademarco ranked third. Six persons, including plaintiffs Herzog, Interrante and Boone, were certified as eligible for promotion to sergeant, ranking second, third and sixth respectively. On September 18, 1973, two persons, ranking second and fourth in the examination scores, were promoted to the rank of lieutenant. Three persons, ranking first, fourth and fifth, were promoted to the rank of sergeant.

Plaintiffs have made a motion for partial summary judgment on behalf of three plaintiffs (Mawhinney, Herzog, and Interrante), contending that their rights to equal protection were violated because persons with lower civil service scores were promoted. They argue that Pennsylvania law requires that promotions be made solely on the basis of civil service score and that there can be no rational basis for conduct violating state law. The defendants argue

that state law does not require that promotions be made in order of examination score and that the promotions were rational, based on a staff report prepared by the captains and lieutenants of the LMT Police Department evaluating the eligible officers' fitness for promotion. A copy of the report has been made part of the record.

The plaintiffs rely wholly on *McGrath v. Staisey,* 433 Pa. 8, 249 A.2d 280 (1968), to support the contention that promotions must be made in the order of civil service scores. *McGrath* interpreted the Second Class County Code to require that promotions be determined solely on civil service scores.[1] We are here concerned, however, with the wording of the First Class County Code which is different from the Second Class County Code but which is *identical* to the Borough Code. The precise issue raised here was raised in *Judd v. Coles,* 7 Pa.Cmwlth. 90, 298 A.2d 687 (1973), which held that the Borough Code significantly differed from the Second Class County Code in such a way as to permit promotion of any of the three highest scorers for each vacancy. *Judd* clearly indicates that promotion is discretionary among those eligible. In accordance with *Judd,* the relevant provision of the First Class County Code, 53 P.S. § 55642[2] must be read to allow the Civil Service Commissioners to fill each promotion from the three higher scorers eligible as outlined in 53 P.S. § 55638.[3] Therefore, the defendants did not violate Pennsylvania law in not promoting solely in the order of civil service score.

Plaintiffs' motion for partial summary judgment will be denied.

The defendants argue that the staff report commenting on absences, disciplinary record, attitude and the other information in the candidates' personal files is misleading, inaccurate and not rationally related to fitness for promotion. The report was addressed to the Superintendent of Police. On the face of the report, a rational basis appears for the recommendations regarding promotions. An equal protection analysis need go no further. There is no allegation that any fundamental right was infringed or that a suspect classification was involved or anything that would require an inquiry further than rationality.

Plaintiffs' argument that the information in the report was misleading is not relevant to their claim of constitutional deprivation. Speaking in a due process context with words that are equally applicable here, the Supreme Court has recently stated:

> The truth or falsity of the City Manager's statement determines whether or not his decision to discharge the petitioner was correct or prudent, but neither enhances nor diminishes petitioner's claim that his constitutionally protected interest in liberty has been impaired. A contrary evaluation of his contention would enable every discharged employee to assert a constitutional claim merely by alleging that his former supervisor made a mistake.

> The federal court is not the appropriate forum in which to review the multitude

---

1. The relevant statutory provision has since been amended to give the Second Class County Commissioners a choice of the three highest scorers. 16 P.S. § 4516 (Supp.1975).

2. That section reads in pertinent part as follows:

    Promotions shall be based on merits to be ascertained by examinations to be prescribed by the commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion.
    53 P.S. § 55642 (1957).

3. 53 P.S. § 55638 (1957) states, *inter alia:*

    Every position or employment in the police force or as paid operators of fire apparatus except that of chief of police or chief of the fire department or equivalent shall be filled only in the following manner: the township commissioners shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list the names of three persons thereon who have received the highest average. The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified . . . .

of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Bishop v. Wood,* —— U.S. ——, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684, 44 U.S.L.W. 4820, 4822–23 (1976). It is apparent, then, that even if the report was inaccurate, plaintiffs can invoke no constitutional protection because there is no claim that the defendants were "motivated by a desire to curtail or penalize" the plaintiffs' constitutional rights.[4]

Finally, plaintiffs alleged that there were a certain number of vacancies that had to be filled. The amended complaint, ¶ 19, states that in January, 1973, the Township Commissioners notified the Civil Service Commission that there were at least three lieutenant vacancies and at least six sergeant vacancies to be filled. The record, however, shows that no particular number of vacancies was announced. Further, the case of *Eckert v. Buckley,* Pa.Cmwlth., 350 A.2d 417 (1976), holds that vacancies need not be filled. There the Commonwealth Court refused to issue a writ of mandamus to a borough to promote a police officer who was the only one eligible for a previously announced vacancy. Therefore, whether or not any particular number of vacancies existed, the decision to fill them was discretionary with the commissioners.

Defendants' motion for summary judgment will be granted.

---

4. In their response to the defendants' motion for summary judgment, plaintiffs complain that they were never shown a copy of the report or offered an opportunity to correct it. This is a due process argument and the due process claims have been dismissed. In any event, *Bishop v. Wood, supra,* clearly precludes such an argument.