### BOROUGH OF WILKINSBURG, Appellant

v.

### Richard COLELLA and Civil Service Commission of Wilkinsburg Borough.

Commonwealth Court of Pennsylvania.

Argued Oct. 16, 2008.

Decided Nov. 26, 2008.

---

Patricia L. McGrail, White Oak, for appellant.

Justin T. Barron, Pittsburgh, for appellee, Richard Colella.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION by Judge SIMPSON.

In this civil service appeal, we decide whether a borough must select the top-scoring applicant for promotion, or whether it may choose from a list of the three highest scoring applicants. In particular, Wilkinsburg Borough (Borough) appeals a decision of the Court of Common Pleas of Allegheny County (trial court) that sustained the statutory appeal of Richard Colella, the top-scoring applicant, thereby requiring his appointment as Captain of the Borough Fire Department. Concluding that promotions require the appointment of the top-scoring applicant, we affirm.

Borough employed Colella since 1993 in its fire department. Colella served as the Department's Chief Engineer since 1998. In December 2005, the Department held an examination to establish an eligibility list for the vacant Captain's position. Candidates for a vacant position receive a score based on their performance on written and oral portions of the examination. Candidates are then ranked by score and listed on the eligibility list for promotion. Colella received a score of 82.28, the highest score for the Captain's position. Acting Captain Theodore Hale also took the examination, scoring 75.5, ranking him sec-

ond. Borough subsequently appointed Acting Captain to the position of Captain. Colella filed a statutory appeal of the decision to the trial court. The trial court sustained Colella's objections and directed Borough to promote Colella to the position of Captain.

The trial court concluded Borough was statutorily obligated to promote the top-scoring candidate on the eligibility list. The trial court interpreted Section 1188 of the Borough Code[1] to require promotions to be based solely on the outcome of the examination. Therefore, the Borough had no discretion to choose from the three highest scorers on the eligibility list when filling the vacant Captain's position by promotion.

On appeal,[2] Borough first argues the trial court's decision is not supported by substantial evidence. Borough points to evidence supporting a contrary result to that reached by the trial court, including evidence of past practice, Borough Civil Service Rules 43A (promotion shall be in accordance with Section 1188 of the Borough Code; promotional process shall be conducted to establish eligibility lists in accordance with Borough Code) and 45A (minimum score for placement on promotional eligibility list), and provisions of the Borough Code. Borough argues the evidence before the trial court established the Borough enjoyed discretion; thus, the trial court erred when it concluded otherwise.

In addition, Borough argues the trial court erred by not interpreting the appointment procedures in Section 1184 of the Borough Code, 53 P.S. § 46184, to apply to promotions. Section 1184 provides for the discretionary selection of one of the three highest scoring applicants on the eligibility list—the process Borough followed here. Borough argues Section 1184 applies to the filling of all vacancies. Borough reasons because a promotion cannot occur without a vacancy, and Section 1184 applies to all vacancies, the discretionary approach of Section 1184 governs promotions.

Finally, Borough contends the trial court erred by misinterpreting controlling case law. Borough relies on *Coles v. Judd,* 7 Pa.Cmwlth. 90, 298 A.2d 687 (1973), for the case's interpretation of the then-extant version of Section 1184 of the Borough Code. *Coles* held the discretionary selection of one of a list of three highest scoring candidates to be legitimate for promotions under the Borough Code. Though Section 1184 was subsequently amended after the *Coles* decision, Borough argues the case still allows the discretionary approach for promotions.

We must decide whether the trial court erred in interpreting Sections 1184 and 1188 of the Borough Code. Section 1184(a) states, in pertinent part:

*[E]very original position* or employment in the police force or as paid operators of fire apparatus, except that of chief of police or chief of the fire department, or equivalent, *shall be filled only in the following manner:* the council shall notify the commission of any vacancy which is to be filled and shall

---

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46188.

2. Appellate review of an adjudication of a municipal civil service commission is limited to determining whether constitutional rights have been violated, an error of law has been committed, or findings of fact necessary to support the adjudication are not supported by substantial evidence. *Day v. Civil Service Comm'n of Borough of Carlisle,* 593 Pa. 448, 931 A.2d 646 (2007). To the extent we review the trial court's statutory interpretation for an error of law, our scope of review is plenary and our standard of review is *de novo. Id.*

request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list, the names of three persons thereon, or a lesser number where three are not available, who have received the highest average. The council shall thereupon, with sole reference to the merits and fitness of the candidates, *make an appointment from the three names certified* . . . .

53 P.S. § 46184(a) (emphasis added). In contrast, Section 1188 provides, in pertinent part:

*Promotions shall be based on merit* to be ascertained by examinations to be prescribed by the commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion.

53 P.S. § 46188 (emphasis added).

In *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968), relied upon by the trial court, our Supreme Court held the promotion provision of the Second Class County Code required the civil service commission to promote the highest scoring applicant on a written examination. The then-extant promotion provision of the Second Class County Code and the promotion provision of the current Borough Code are nearly identical.[3] Our Supreme Court reasoned the plain meaning of the Second Class County Code required promotion of the top-scoring candidate. "[S]ince the act states that merit is to be the sole criterion for promotion, there is no reasonable manner in which the statute can be read to authorize the use of criteria other than those in the test." *McGrath,* 433 Pa. at 11, 249 A.2d at 281. Thus, there was no discretion to choose among the three highest scoring candidates in the promotion context. Our Supreme Court found further support for its conclusion in another section of the Second Class County Code that explicitly allowed the discretion to choose from a list of the three highest scoring applicants when making an *original* appointment. *Id.* Had the legislature intended similar discretion for promotions, presumably it would have included similar language.

In *Coles,* relied upon by Borough, this Court addressed "[w]hether, in making a promotional appointment Council must appoint the person having the best score on the commission examinations, or whether it may call for a list of three eligibles and appoint its choice." *Id.* at 688. There, this Court reasoned Section 1184's discretionary hiring approach applied to promotions as well as original appointments because the words "every position" without any limitation, applied the approach to the filling of every position, including those filled by promotion.

*Coles,* decided in 1973, interpreted Section 1184 of the Borough Code to apply to both new hiring and promotions. At the time, the first sentence of Section 1184 read, in relevant part, "[e]very position . . . shall be filled only in the following manner. . . ." *Id.* at 689.

Importantly, however, Section 1184 was amended in 1986. Section 1184 now reads, in relevant part, "[E]very *original* position

---

**3.** *Compare* Section 1516 of the Second Class County Code, which states (with emphasis added):

    *Promotions shall be based on merit,* to be ascertained by written examination to be prescribed by the board of county commissioners and held under the supervision of the commission. All examinations for promotions shall be practical in character and such as will fairly test the merit and fitness of the persons seeking promotion.

Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. § 4516.

... shall be filled in the following manner...." 53 P.S. § 46184 (emphasis added).

 Upon review, we affirm the trial court's interpretation. We conclude the rationale of *McGrath* controls interpretation of Sections 1184 (original positions) and 1188 (promotions) of the current Borough Code, because that case dealt with more similar statutory language. As in *McGrath*, the plain language of Section 1184, which now expressly addresses original positions, commands the conclusion that the ability to select from a list of the highest scoring applicants is limited to original positions, not to promotions.

Further, Borough's position is contrary to the rules of statutory construction, as it would render Section 1188 of the Borough Code (promotions) superfluous. "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). The trial court's interpretation harmonizes the competing provisions of the Borough Code.

Also, Borough's position fails to recognize the distinction courts draw between original appointments and subsequent promotions. In *Commonwealth ex rel. Maurer v. O'Neill*, 368 Pa. 369, 83 A.2d 382 (1951), our Supreme Court held a veterans' preference for promotion within the civil service unconstitutional, while the identical preference would be constitutional in the context of appointments. Our Supreme Court reasoned,

> [The rules of statutory construction], require[ ] that words of a statute shall be construed according to their common and approved usage and to interpret the word "promotion" as synonymous with "appointment" would be to ignore this mandate. Webster's New International Dictionary (2nd Ed.) 1943, defines "promotion" as "the act of promoting", i.e. "to advance from a given grade or class as qualified for one higher" and "appointment" as "the designation of a person to hold an office". Authorities too numerous to mention offer similar definitions and none propose that the two terms are used interchangeably.

*Id.* at 374–75, 83 A.2d at 384. As our Supreme Court recognized, promotion is not synonymous with original appointments or vacancies; thus, Borough's argument fails.

Based on the foregoing, we affirm.

### *ORDER*

AND NOW, this 26th day of November, 2008, the order of the Court of Common Pleas of Alleghany County is **AFFIRMED.**