**Higgins v. Town<span></span>ship of Lower Merion**

C.P. of Montgomery County, no. 09-20314.

*David J. Farrell*, for appellant.

*John McLaughlin* and *Thomas D. Rethag Jr.,* for appellees.

ALBRIGHT, *J.*, November 3, 2010—The petitioners,

Frank Higgins,[1] David Snyder[2] and Lower Merion Fraternal Order of Police, Lodge #28, appeal from this court's order, dated March 30, 2010, denying their petition for review of the Lower Merion Township Board of commissioner's promotions on June 3, 2009. For the reasons that follow, the undersigned believes that the order should be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008 and 2009, Frank Higgins and David Snyder were employed as police officers by Lower Merion Township (the "township"). The township is a municipal corporation organized as a township of the first class pursuant to the First Class Township Code. 53 P.S. § 55101, et seq. During this time, the township identified the need to fill vacancies in the municipality's police department for the positions of captain, lieutenant and sergeant. Once the decision had been made to proceed, the township, adhering to the rather detailed procedures governing the selection process as set forth in the First Class Township Code, submitted a written request to the Township's Civil Service Commission (the "commission") for a "list of certified eligible candidates."

Thereafter, following the required notice provided to all of the township's police officers soliciting the application of those interested in filling the vacancies

---

1. Frank Higgins is employed by the Township of Lower Merion as a Lieutenant in the Township's police department.
2. David Snyder is employed by the Township of Lower Merion as a Sergeant in the township's police department. The parties agree that the promotion to the Sergeant position is not an issue and therefore, will not be discussed.

advertised, the commission calculated the written and oral examination results of those individuals seeking promotion to the lieutenant position, as well as the assessment examination outcomes of those eligible for promotion to captain. After the examinations of the candidates were completed and their scores calculated and posted in the township building, the commission certified to the township the candidates for each of the three vacant positions who had received the highest scores. In fact, the commission determined that Frank Higgins had scored the highest for the captain's position while Mr. Snyder had received the best score of those eligible for the lieutenant's vacancy.

Pursuant to the township's civil service regulations, the municipality's superintendent of police and township manager also provided the township with promotion recommendations from among the top three scoring candidates for each position. Finally, on June 3, 2009, the township commissioners made know their choice of the individuals who were approved for promotion to the ranks of captain and lieutenant. The selections made were, in fact, consistent with the recommendations made by the township's police superintendent and manager and did not include either Mr. Higgins or Mr. Snyder. Rather, the candidates who secured the promotions to captain and lieutenant had received the second and third highest scores, respectively, of who had been certified as eligible to fill those positions. Shortly thereafter, the successful candidates reportedly assumed their newly acquired responsibilities and duties attendant to the jobs for which they were employed.

Disappointed that they had not been promoted, despite having secured the highest examination and assessment scores of the candidates determined to be eligible for promotion, Messrs. Higgins and Snyder, on July 1, 2009, filed with the trial court their petition for review and reversal of the Township's decisions promoting someone other than themselves to the once vacant positions of Captain and Lieutenant.[3]

Following a hearing and final arguments, the undersigned, after a thorough review of the record and the memoranda of law submitted by the parties, denied the petition. The petitioners then filed a timely notice of appeal, perfected on or about May 6, 2010, after which they submitted their concise statement of matters complained of on appeal [Pa. R.A.P. "1925(b) statement"], consisting of the following:

1. The learned trial court committed reversible legal error when it ruled that Lower Merion Township could promote its choice of the top three highest scorers on the competitive examination for captain and lieutenant in the township police department rather than the highest scoring candidates in each of the competitive examinations, as required by 53 P.S. §55642.

2. The learned trial court committed reversible legal error when it held that 53 P.S. §55642 did not require a township of the first class to promote the candidate

---

3. "Petitioners Higgins and Snyder were not the highest scoring candidates on the relevant certified eligibility lists when they were promoted to their current position of Lieutenant and Sergeant, respectively." J. Stip. of Facts, ¶32.

with the highest examination score and instead relied upon the general appointment statute in the First Class Township Code, 53 P.S. §55638, to permit the township to use the "rule of three" and choose among the three highest scoring candidates on the competitive examination; thereby rendering the promotion statute, 53 P.S. §55642, meaningless surplusage, thereby violating the mandate of 1 Pa. C.S. § 1921(a)(relating to legislative intent controls) and also 1 Pa. C.S. § 1933 (relating to particular controls general).

3. The learned trial court's construction of 53 P.S. §55638 and 55642 conflicts with the construction given similar provisions of the borough code and the Second Class County Code adopted by the Supreme Court of Pennsylvania and the Commonwealth Court of Pennsylvania in *Borough of Wilkinsburg v. Collella*, 961 A.2d 265 (Pa. Cmwlth. 2008), appeal denied, 601 Pa. 703, 973 A.2d 1007 (2009) (Borough Code), and *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968) (Second Class County Code).

## DISCUSSION

Pursuant to 2 Pa. C.S. § 702, "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals..." 2 Pa. C.S. § 702. Where the trial court does not take evidence, the commonwealth court's scope of review of a local agency decision is limited to determining whether constitutional rights were violated, whether an

error of law was committed, whether the necessary findings are supported by substantial evidence, and whether the procedures of the local agency were contrary to statute. *Carabello v. Bd. of Pensions and Retirement*, 893 A.2d 211, 213 (Pa. Commw. Ct. 2006); *Will v. City of Erie*, 763 A.2d 566, 567 (Pa. Commw. Ct. 2000); see 2 Pa. C.S. § 754(b).

A. *The First Class Township Code Permits The Application Of The Choice of Three Rule To The Filling Of 'Original' Vacancies By Appointment And Promotion.*

The petitioners' contention that the trial court erred when it affirmed the township's promotional decisions, which were based upon the townships' adherence to the "choice of three" rule, is meritless. In contrast to the governing statutory framework, the petitioners assert, incorrectly, that the language of 53 P.S. § 55642, which states that promotions "shall be based on merits to be ascertained by examinations," precludes the application of the 'choice of three' rule and mandates that the highest scoring candidates be promoted. However, the First Class Township Code (the "Code") section which governs the manner of filling appointments states, in relevant part, without specific reference to either "promotions" or "original" hires, the following:

> *Every position* or employment in the police force...shall be filled only in the following manner: the township commissioners shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list

the names of *three persons* thereon who have received the highest average. The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, *make an appointment from the three names certified* unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 637 of this subdivision...." 53 P.S. § 55638. (emphasis added)

The "choice of three" rule, which is derived from this framework, is one of discretion which in this case permits the township commissioners to fill any opening on its police force, regardless of how it is created, by selecting and appointing any one of three candidates certified to them for each position without limiting their choice to the candidate receiving the highest test score. See 53 P.S. § 55638 ("The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified..."). Unlike the applicable corresponding appointment and promotional selection provisions of the Second Class County and Borough Codes, there is no distinction to be made in the First Class Township Code between the manner in which "original" appointments or hires are filled and the filling of vacancies by promotion; nor has there appeared any Pennsylvania appellate decision which has determined the "choice of three" rule to be inapplicable to the selection of police officers for either "original" hires or promotion in first class townships.

Nevertheless, the petitioners insist on discounting the "choice of three" rule's application entirely by attempting to analogize their situation to similar circumstances which

had arisen in two particular cases involving the appellate courts' interpretation of the codes applicable to boroughs and counties of the second class in Pennsylvania. These cases, notably *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (Pa. 1969), and *Borough of Wilkinsburg v. Colella*, 961 A.2d 265 (Pa. Commw. Ct. 2008), involved separate analyses of the distinguishing factors present in the code provisions pertinent to the manner in which promotions and original "hires" are to be handled in second class counties and boroughs. However, this case, as previously noted, involves neither a borough nor a second class county, each of which is bound by code provisions whose language regarding the appointment of police officers has been interpreted by the Supreme and Commonwealth Courts to essentially eliminate the "choice of three" rule's application to situations involving the "promotion" of policemen in boroughs and second class counties, where the only criteria to be considered for advancement are the merit-based results of standardized tests administered to all eligible candidates.

B. *The Second Class County Code And Borough Code Each Provide That Promotions Shall Be Based On Merit Rather Than The 'Choice of Three' Rule.*

In 1969, the Pennsylvania Supreme Court (Roberts, J.) decided *McGrath v. Staisey*, which dealt with Mr. McGrath's mandamus action seeking the trial court's assistance in securing his promotion to the rank of sergeant. That promotion had previously been denied him by the commissioners of Allegheny County in favor of those who had scored lower than Mr. McGrath on a competitive

384

civil service examination administered for the position. The commissioners' ruling was initially upheld by the trial court whose order was subsequently vacated and the case remanded by the Pennsylvania Supreme Court.

In its interpretation of the Pennsylvania Code Provisions regulating the manner in which appointments are to be made in counties of the second class, the court held that Mr. McGrath, who had scored the third highest grade on his examination, was entitled to promotion over those candidates who had scored lower than he. *McGrath*, 433 Pa. 8, 249 A.2d 280. Relying upon the plain language of the Second Class County Code that "[p]romotions shall be based on merit, to be ascertained by written examinations...." The Pennsylvania Supreme Court opined that "the only way to ascertain merit is by a written test. And since the act states that merit is to be the sole criterion for promotion, there is no reasonable manner in which the statute can be read to authorize the use of the criteria other than those in the test." *McGrath* at 11, 259 A.2d at 281 (referencing 16 P.S. §§ 4516, 4512). Since merit was to be determined solely by examination, the high court agreed with the appellant McGrath that it would necessarily follow "that the patrolman with the highest grade on the examination should be promoted first." *Id.* Without a direct citation reference to the Second Class County Code, the court contrasted the original appointment provisions found at Section 4512 with Section 4516, and drew an important distinction between the two in finding that the language of Section 4512 clearly indicated "a degree of discretion granted by the legislature to the county commissioners in making original appointments; such a degree of

discretion is not present in the promotion section of the act." *McGrath* at 12, 249 A.2d at 281. By contrasting the Second Class County Code sections governing promotions to those which control the appointment of original hires, the court made clear that the "choice of three" rule had no application to Mr. McGrath's promotion. Given the significant differences between the language of the Second Class County Code and the First Class Township Code, particularly where the latter does not distinguish between any of the appointments, albeit promotions or original "hires," the Lower Merion Township commissioners acted appropriately, as it was within their discretion to rely upon and apply the "choice of three" rule in promoting from among the list of eligible candidates someone other than the highest test score recipients to the ranks of Captain and Lieutenant of Police.

The petitioners' reliance on the Pennsylvania Commonwealth Court's 2008 decision in *Borough of Wilkinsburg v. Colella*, 961 A.2d 265 (Pa. Commn. Ct. 2008), is similarly misplaced since the municipality in that case was governed by the Pennsylvania Borough Code, which, as in like matters involving second class counties, distinguishes between the procedures to be utilized when making promotions, as opposed to "original" appointments. In *Borough of Wilkinsburg*, the court held that the Borough of Wilkinsburg was obligated to select the top-scoring eligible candidate for promotion to rank of captain and was not free to exercise its discretion by opting to choose someone else from a list of the three highest scorers, as might otherwise be the case were the "choice of three" rule to apply. Consistent with the Supreme Court's

earlier ruling in *McGrath*, the Commonwealth Court found the "choice of three" rule to apply only where the vacancy to be resolved involved "[e]very *original* position or employment in the police force...", which was to be filled in the manner provided by Section 46184(a) of Pennsylvania's Borough Code. *Borough of Wilkinsburg*, 961 A.2d at 268-69 (quoting 53 P.S. § 46184) (emphasis in original). With its continued reliance upon *McGrath*, the *Borough of Wilkinsburg* court noted the "nearly identical" promotion provisions which were the subject of scrutiny in both cases and where in the case of the borough code provided that "[p]romotions shall be based on merit to be ascertained by examinations to be prescribed by the commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion." *Id.* at 268 (quoting 53 P.S. § 46188). Applying the rules of statutory construction to the definitions and usage of the words "promotion" and "appointment," the court found that neither term was synonymous with the other, nor could they properly be used interchangeably. *Id.* at 269. Accordingly, the court concluded that, absent some evidence of legislative intent permitting the exercise of discretion in the promotion of police officers, the borough code's statement that merit alone "is to be the sole criterion for promotion, there is no reasonable manner in which the statute can be read to authorize the use of criteria other than those in the test." *Id.* at 268.

Thus, in keeping with the decisions in *McGrath and Borough of Wilkinsburg*, it may be fairly resolved that

where, as in the First Class Township Code, there is no distinction to be drawn regarding the manner provided for the filling of vacancies by either promotion or original appointments, the "choice of three" rule may apply since the selection process to be employed pertains to "*[e]very position* or employment in the police force...," without reservation. 53 P.S. § 55638 (emphasis added).

While there does not appear to be any reported Pennsylvania case dealing with the application of the "choice of three" rule in the promotion of police officers in a first class township, the Commonwealth Court in *Coles v. Judd*, 298 A.2d 687 (Pa. Commw. Ct. 1973), analyzed the then extant language of the borough code which mirrored precisely that which is presently contained in Section 55638 pertaining to the manner of filling appointments for "every position or employment in the police force...." Since the 1973 version of the borough code (i.e., section 1184, which was subsequently amended) failed to qualify or differentiate between the positions to be filled, whether they be by original appointment or by promotion, the adjective "every" was determined to be "descriptive" of any opening which the borough council might choose to fill by utilizing the "choice of three" rule.

Though not precedential or representative of any controlling authority in this matter, the decision of the United States District Court for the Eastern District of Pennsylvania in the case of *Fraternal Order of Police, Lower Merion Police, Lodge 28. v. Twp. of Lower Merion*, 416 F. Supp. 65, (E.D. Pa. 1976), is, nevertheless, instructive. In that case, the petitioner police officers

claimed that they were denied equal protection of the law and their rights were violated when Lower Merion Township, a first class township, promoted persons who had received lower test scores than the complainants. In discounting the officers' reliance upon *McGrath v. Staisey,* the district court, in a memorandum opinion authored by Judge Van Artsdalen referencing the same language of the First Class Township Code which is applicable to the case at bar, stated that "[i]n accordance with *Judd,* the relevant provision of the First Class County Code, 53 P.S. § 55642 must be read to allow the Civil Service Commissioners to fill each promotion from the three higher scorers eligible as outlined in 53 P.S. § 55638." *Id.* at 67. Clearly, as the court opined, "*Judd*...indicates that promotion is discretionary among those eligible." *Id.*

The fact of the matter remains that *Judd* still controls and is to be relied upon in this case as determinative of its outcome. Contrary to the petitioners' assertions, the trial court's decision is neither in conflict with the rationale of *McGrath* and *Borough of Wilkinsburg,* nor does it render Section 55642 (i.e., the "promotion" statute) of the First Class Township Code "meaningless surplusage." Indeed, upon close examination, both the *McGrath* and *Borough of Wilkinsburg* decisions, when analyzed in the context of *Judd,* appear to command the result in this case. However, Section 55642 of the First Class Township Code, unlike its companion sections found in the Borough and Second Class County Codes and discussed in *McGrath* and *Borough of Wilkinsburg,* has simply no application or part to play in the decision-making process employed in the matter at hand.

## CONCLUSION

For all of the aforementioned reasons, the trial court believes that the order, dated March 30, 2010, denying the petitioners' petition for review, should be affirmed.