**Frank HIGGINS, David Snyder and Lower Merion Fraternal Order of Police, Lodge 28, Appellants**

**v.**

**LOWER MERION TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 9, 2011.

Decided June 21, 2011.

J. David Farrell, Norristown, for appellants.

John P. McLaughlin, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and McCULLOUGH, Judge.

OPINION BY Judge PELLEGRINI.

Frank Higgins, David Snyder and the Lower Merion Fraternal Order of Police, Lodge 28 (collectively, Officers) appeal from the order of the Court of Common Pleas of Montgomery County (trial court) denying the Officers' petition for review seeking to rescind promotions made by Lower Merion Township (Township) of officers who scored lower than the Officers on competitive examinations for promotion within the police force. We affirm.

The parties have stipulated to the facts of this case. In early 2009, the Township undertook a promotion testing process to promote persons to the ranks of captain, lieutenant and sergeant on the police force. Officer Higgins received the highest score on the examination for promotion to captain, but the promotion was awarded to another officer. Officer Snyder scored the highest on the examination for promotion to lieutenant, but this promotion was also awarded to another officer. The Officers

believed that they should have received the promotions because they achieved the highest test scores, and they filed a petition for review with the trial court seeking a judicial declaration that the First Class Township Code (Township Code),[1] which applies to the Township, required the Township to promote the candidates with the highest test scores. They also sought an order directing the Township to rescind the promotions of the other officers and to promote Officer Higgins to captain and Officer Snyder to lieutenant effective June 3, 2009.

 Following a hearing, the trial court denied the petition holding that because Section 638 of the Township Code provided that "every position" be subject to the so-called "choice of three" rule, the Township had the right to promote any of the three highest scoring officers rather than being forced to promote only the one officer with the highest score on the examination. It distinguished cases holding to the contrary that were based on the Borough Code[2] and the Second Class County Code (County Code)[3] because the relevant statutory language in those laws differed. The Officers then filed the instant appeal.[4]

On appeal, the Officers contend that the "choice of three" rule in Section 638 of the Township Code is limited to original appointments, but that promotions are governed solely by Section 642, which, at the time relevant to this appeal, limited promotions to be on the merits as ascertained by the examination, which Pennsylvania appellate courts have previously held means that only the highest scorer may be promoted. The Township responds that the cases that the Officers rely on deal with either the Borough Code or County

---

1. Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §§ 55101–58502. Specifically, Section 638 of the Township Code, 53 P.S. § 55638, provides, in relevant part:

> Every position or employment in the police force ... shall be filled only in the following manner: the township commissioners shall notify the commission of any vacancy which is to be filled and shall request a certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list the names of three persons thereon who have received the highest average. The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified ...

Section 642 of the Township Code, 53 P.S. § 55642, provided, in relevant part, at the time of the examinations:

> Promotions shall be based on merits to be ascertained by examination to be prescribed by the commission....

Subsequent to the facts of this case, the General Assembly amended Section 642. *Amended by* the Act of October 19, 2010, P.L. 521. It now reads, in relevant part:

> Promotions to the police force or fire department shall be based on merits to be ascertained by examinations to be prescribed by the commission.... The township commissioners shall notify the commission of a vacancy on the police force or fire department which is to be filled by promotion and shall request the certification of an eligible list. The commission shall certify for each vacancy the names of the three persons on the eligibility list who have received the highest average in the last promotion examination held within a period of two years preceding the date of the request of the eligibility list.... The township commissioners shall make an appointment from the names certified ...

2. Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 45101–48501.

3. Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. §§ 3101–6302.

4. Appellate review of an adjudication of a municipal civil service commission is limited to determining whether constitutional rights have been violated, an error of law has been committed or findings of fact necessary to support the adjudication are not supported by substantial evidence. *Borough of Wilkinsburg v. Colella*, 961 A.2d 265 (Pa.Cmwlth.2008).

Code, which have different relevant language than the Township Code, and that Section 638, by its use of the phrase "every position," includes promotions in the "choice of three" rule.

The relevant cases involve interpretation of relevant provisions contained in the different municipal codes. The only case directly on point is a non-precedential federal district court case, *Fraternal Order of Police, Lower Merion Police, Lodge 28 v. Township of Lower Merion (Lower Merion I)*, 416 F.Supp. 65 (E.D.Pa.1976), which supports the Township's position. The District Court relied on *Coles v. Judd*, 7 Pa.Cmwlth. 90, 298 A.2d 687 (1973), where we interpreted the then-identical language in the Borough Code, identical to the language in the Township Code. Both of those cases distinguished our Supreme Court's decision in *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968), which supports the Officers' position, especially in light of our decision in *Borough of Wilkinsburg v. Colella*, 961 A.2d 265 (Pa. Cmwlth.2008).

*McGrath* interpreted Section 1516 of the County Code, which, at the time, had virtually identical language to Section 642 of the Township Code at the time of the promotions in the instant matter. The Court interpreted the language "Promotions shall be based on merit, to be ascertained by written examination" to mean that the applicant who scored the highest on the examination was the only one who could be promoted. Any other interpretation of this section, according to the Court, would "torture" the plain meaning of the statutory provision. *Id.* at 11,

249 A.2d at 281. Further bolstering this interpretation of Section 1516 of the County Code was the language in Section 1512 of the County Code, the general appointment provision, which stated, "every position of employment ... unless filled by promotion" shall use the choice of three rule. Thus, the County Code, at the time of *McGrath*, made explicit that the choice of three rule would not apply to promotions, leaving promotion of the highest scorer on the examination the only method of merit promotion.[5]

In *Coles*, this Court interpreted Section 1184 of the Borough Code, which, at the time, stated that "every position or employment in the police force" was subject to the choice of three rule, just as Section 638 of the Township Code does now. Unlike the County Code at the time of *McGrath*, Section 1184 of the Borough Code did not contain the caveat "unless filled by promotion," and we distinguished *McGrath* based on this difference. Even though Section 1188 of the Borough Code was analogous to and used the same language as Section 1516 of the County Code with regard to promotions, this Court held that because of the difference in language in the general appointment section, it enshrined the choice of three rule rather than the highest score rule as the standard to govern promotions.[6] While dealing with a different statute, the language interpreted in *Coles* is the same as the relevant language in the Township Code in the instant case.

Next, *Lower Merion I*, dealing with the Township Code, the District Court, relying

5. In a concurring opinion, Chief Justice Bell opined that the legislature should change this "unrealistic and stupid provision," *Id.* at 13, 249 A.2d at 282 (Bell, J. concurring), and less than 15 months later, the legislature heeded his call. The new Section 1516 of the County Code explicitly provided that promotions shall be based on the choice of three rule. Act of February 10, 1970, P.L. 5, *as amended*.

6. Section 1184 of the Borough Code was later amended to exclude promotions. Act of May 2, 1986, P.L. 148, *as amended*.

on *Coles*, held that the interplay of Sections 638 and 642 of the Township Code, which then were the same as they were at the time of the promotions at issue in the present case, likewise enshrined the choice of three rule for promotions because Section 638 of the Township Code included the language "every position" like the old Borough Code and did not include the limiting language "unless filled by promotion" like the old County Code. This case squarely supports the Township's position but is not controlling.

The Officers contend that it is *McGrath* and not *Coles* or *Lower Merion I* that controls the instant case. *Coles*, they contend, was superseded by statute because the Borough Code has been since amended and is no longer good law. *Lower Merion I*, besides being non-precedential, relied on *Coles*. Rather, the more recent case of *Borough of Wilkinsburg v. Colella*, 961 A.2d 265 (Pa.Cmwlth.2008), shows that we are bound by the Supreme Court's decision in *McGrath*.

*Colella*, like *Coles*, interpreted the Borough Code. By that time, Section 1184 of the Borough Code had been amended to exclude promotions, but Section 1188 still remained the same as it had been when Coles was decided, which is the same as Section 642 of the Township Code at the time of the instant promotions. In *Colella*, we held that *McGrath* was controlling because the Borough Code, like the old County Code, contained limiting language in its general appointment provision. Specifically, Section 1184 now contained the language, "every original position," which excluded promotions in the same manner as the old County Code did in *McGrath*. Therefore, we held that only the highest

scorer on the examination was eligible for promotion.[7]

■ Taking into account all of the above, we adopt the reasoning of the federal district court in *Lower Merion I* and hold that Section 642 of the Township Code permits townships to employ the choice of three rule in deciding which officers to promote. This holding is supported by *Coles*, which interpreted then-identical language in the Borough Code. It is immaterial that the Borough Code was subsequently amended, for we interpret language, and the language interpreted in *Coles* is the same language we interpret today. In contrast, both *McGrath* and *Colella* are distinguishable because they both, unlike *Coles*, *Lower Merion I* and the instant case, contained limiting language in the general appointment section specifically excluding promotions from its scope.

For the foregoing reasons, we affirm the order of the trial court.

## ORDER

AND NOW, this 21st day of June, 2011, the order of the Court of Common Pleas of Montgomery County, dated March 30, 2010, is affirmed.

CONCURRING OPINION BY Judge McCULLOUGH.

I concur in the result reached by the Majority. I write separately merely to clarify why I believe the Majority reached the correct result and properly distinguished this matter from our Supreme Court's decision in *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968).

---

**7.** Just as had occurred following *McGrath*, less than two years after the *Colella* decision, the General Assembly amended Section 1188 of the Borough Code to make explicit that the choice of three rule applied to promotions as well as to original appointments. Act of October 27, 2010, P.L. 884.

The key distinguishing factor between *McGrath* and the cases relied on by the Majority, namely *Coles v. Judd,* 7 Pa. Cmwlth. 90, 298 A.2d 687 (1973), and *Fraternal Order of Police, Lower Merion Police, Lodge 28 v. Township of Lower Merion,* 416 F.Supp. 65 (E.D.Pa.1976), was the language of the statutory provisions at issue in each of those cases. *McGrath* involved sections 1512 and 1516 of the Second Class County Code, Act of February 10, 1970, P.L. 5, *as amended,* 16 P.S. §§ 4512, 4516, which provided as follows:

§ 4512. Manner of Making Appointments—Every position of employment, except that of superintendent of police or equivalent official, **unless filled by promotion** or reinstatement, shall be filled only in the following manner: The commission shall certify for each existing vacancy, from the eligible list, the names of three persons thereon, who have received the highest average in the last preceding examination held within a period of two years next preceding the date of the request for such eligibles. The county commissioners shall thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified....

§ 4516. Promotions—Promotions shall be based on merit, to be ascertained by written examinations to be prescribed by the board of county commissioners and held under the supervision of the commission. All examinations for promotions shall be practical in character and such as will fairly test the merit and fitness of the persons seeking promotion.

(Emphasis added.) In *McGrath,* our Supreme Court described section 1512 as the "original appointment provision." *McGrath,* 433 Pa. at 11, 249 A.2d at 281. By its very terms, this section did not apply to promotions. Hence, the Court in *McGrath,* relying on section 1516, held that merit was the sole criterion for promotion and that the person with the highest score on the examination must be promoted first.

*Coles* involved sections 1184 and 1888 of the Borough Code, Act of February 1, 1966, P.L. (1965), *as amended,* 53 P.S. §§ 46184, 46188, which provided as follows:

§ 46184. Manner of filling appointments—Every position or employment in the police force or as paid operators of fire apparatus, except that of chief of police or chief of the fire department, or equivalent, shall be filled only in the following manner: the council shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list, the names of three persons ... who have received the highest average. The council shall thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified....

§ 46188. Promotions—Promotions shall be based on merit to be ascertained by examinations to be prescribed by the commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion.

The council shall have power to determine in each instance whether an increase in salary shall constitute a promotion.

This Court in *Coles* held that the lack of the excluding language "unless filled by promotion" as contained in section 1512 of the Second Class County Code distinguished that case from *McGrath,* that the

borough council was not restricted to filling promotions based only on the highest test score, and that the borough council could choose a candidate to promote from a list of three eligible persons certified by the local civil service commission.[1]

*Township of Lower Merion* involved sections 638 and 642 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55638, 55642, which provided as follows:

> § 55638. Manner of filling appointments—Every position or employment in the police force or as paid operators of fire apparatus, except that of chief of police or chief of the fire department or equivalent shall be filled only in the following manner: the township commissioners shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list the names of three persons thereon who have received the highest average. The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified....
>
> § 55642. Promotions—Promotions shall be based on merits to be ascertained by examinations to be prescribed by the commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion.

The Court in *Township of Lower Merion,* citing our previous decision in *Coles,* held that The First Class Township Code must be read to allow the commission to fill a promotion from the three highest eligible scorers as outlined in section 638.

The present case also involves sections 638 and 642 of The First Class Township Code. Because The First Class Township Code does not contain the exclusionary language found in sections 1512 of the Second Class County Code, the Majority properly relied upon *Coles* and *Township of Lower Merion* in distinguishing the present matter from *McGrath.*

---

1. The first sentence of section 1184 of the Borough Code was amended in 1986 to read as follows:

 Every **original** position or employment in the police force or as paid operators of fire apparatus, except that of chief of police or chief of the fire department, or equivalent, shall be filled only in the following manner....

(Emphasis added.) This Court has since interpreted this provision to exclude promotions, thereby adopting the reasoning of our Supreme Court in *McGrath.* See *Borough of Wilkinsburg v. Colella,* 961 A.2d 265 (Pa.Cmwlth.2008), *appeal denied,* 601 Pa. 703, 973 A.2d 1007 (2009).